IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT NJOS, | : | CIVIL ACTION NO. **3:CV-12-1038** |
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| S ARGUETA, *et al.*, | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I.     BACKGROUND**

On June 1, 2012, Plaintiff Scott J. Njos, an inmate located at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed, *pro se*, a *Bivens* action pursuant to 28 U.S.C. § 1331 against Defendants Pigos, McClintock, Argueta, Hunter, Prutzman, Edinger, Gosa, Brenneman, and Fasciana. (Doc. 1). He alleges that these Defendants violated his Eighth Amendment protection from excessive force right when Defendants restrained him while moving him to a different cell on April 24, 2010. He also alleges that Defendants violated his First Amendment right to access the courts by wrongfully taking his property and violated his Eighth Amendment right to medical care by denying him medical care after he allegedly suffered injuries stemming from the April 24, 2010 cell transfer. (Doc. 1, generally).

On June 1, 2012, Plaintiff also filed this instant Motion for a Temporary Restraining Order and Preliminary Injunction as a result of the events that occurred on April 24, 2012 that led to the aforementioned allegations against Defendants. (Doc. 6).  On June 26, 2012, we

1

issued a Report and Recommendation, recommending in part that Plaintiff's Document 6 Injunction Motion be dismissed as moot. (Doc. 15). However, the Court issued a Memorandum and Order rejecting our Document 15 Report and Recommendation, including our recommendation that Plaintiff's Document 6 Injunction Motion be dismissed as moot. On October 31, 2012, we issued an Order deeming Plaintiff's Document 6 Injunction Motion as withdrawn due Plaintiff's failure to file a support brief in accordance with Middle District Local Rule 7.5. (Doc. 19).

On November 9, 2012, Plaintiff filed a Motion for Reconsideration of our Document 19 Order in which we deemed Plaintiff's Document 6 Injunction Motion as withdrawn. (Doc. 23). On November 13, 2012, we issued an Order granting Plaintiff's Document 23 Motion for Reconsideration with respect to Plaintiff's Document 6 Injunction Motion, effectively vacating our Document 19 Order, in part, with respect to Plaintiff's Document 6 Injunction Motion. (Doc. 24). We also directed Plaintiff to serve his Document 6 Injunction Motion with the attached Brief in Support on Defendants within ten (10) days of the date of our Document 24 Order, thus by November 23, 2012.

Plaintiff failed to serve his Document 6 Motion on Defendants in accordance with our Order; however, in an Order dated December 17, 2012, we redirected Plaintiff to serve his Document 6 Motion on Defendants and to file certificates of service with the Court within ten (10) days of the date of the Order. (Doc. 31). On December 28, 2012, Plaintiff filed a certificate of service for his Document 6 Injunction Motion. (Doc. 34). On January 3, 2013, we issued an Order deeming Plaintiff as having served his Document 6 Injunction Motion with

the attached Brief in Support on Defendants. (Doc. 35).

On January 17, 2013, we issued an Order directing Defendants to respond to Plaintiff's Document 6 Injunction Motion within ten (10) days of the date of the Order, and failure to do so would result in the motion as being deemed unopposed. (Doc. 43). On January 28, 2013, Defendants filed a Brief in Opposition to Plaintiff's Document 6 Injunction Motion. (Doc. 46). On February 11, 2013, Plaintiff filed a Reply Brief to Defendants' Brief in Opposition to Plaintiff's Document 6 Injunction Motion. (Doc. 48). Therefore, Plaintiff's Document 6 Injunction Motion is now ripe for review.

**II.    DISCUSSION**

In his Document 6 Injunction Motion, Plaintiff requests that the Court enjoin Defendants to provide an "outside medical exam for his head, eye and hand injurys (sic) and to be moved to Z-block as housing-rec alone status, to provide a medically appropriate physician (non-prison) and a course of physical therapy to the plaintiff designed to restore and maintain the full function of his right eye and left hand." (Doc. 6, p. 1). Plaintiff claims that he has met the burden of proof necessary to support a preliminary injunction/ tro motion because: (1) he is threatened with irreparable harm if the Court does not issue the requested injunction/ tro; (2) the balance of hardships favors the plaintiff; and (3) he is likely to succeed on the merits of his motion. (Doc. 6, pp. 3-6). Plaintiff argues that he is threatened with irreparable harm based on a denial of medical care by Defendants that will result in permanent injury, and has been threatened verbally with irreparable injury. (Doc. 6, p. 3). He states that "the plaintiff is threatened with irreparable harm because of the nature of his injury, nerve damage, head

trauma with loss of movement and function. If he does not receive proper treatment at the proper time, he may never regain feeling of his left hand or sight in his right eye ever again." (Doc. 6, p. 4).

Plaintiff also argues that the balance of hardships favors Plaintiff. He states that "the present suffering of the plaintiff and his potential suffering, if he permanently loses the normal use of his right eye or left hand, are enormous. The 'sufferings' the defendants will experience if the court grants the order will consist of keeping security defendants away from defendants being assigned to C-Block and taking the plaintiff to a suitable doctor who specializes in each injury area of expertise, then carrying out the doctor's order- something that defendants do, and are obligated to do, for members of the prison population on a daily basis. The defendants' hardship amounts to no more than business as usual." (Doc. 6, pp. 4-5).

Lastly, Plaintiff argues that he is likely to succeed on the merits of his motion because "many other courts have held that the failure to carry out physicians' orders is unconstitutional." (Doc. 6, p. 5). Furthermore, Plaintiff requests that the Court excuse him from posting security as required by Rule 65(c) of the Federal Rules of Civil Procedure which requires a litigant who obtains interim injunctive relief to post security. (Doc. 6, p. 6).

In their Brief in Opposition to Plaintiff's Document 6 Injunction Motion filed on January 28, 2013, Defendants argue that the Court should deny Plaintiff's Document 6 Injunction Motion because he has not established the elements necessary for the Court to grant the injunction. (Doc. 46, p. 5). More specifically, Defendants argue that Defendant is not likely to succeed on the merits because "[a] mere difference of opinion between the prison's medical

4

staff and the inmate as to the diagnosis or treatment which the inmate receives, does not support an Eighth Amendment claim. . . . Plaintiff was medically treated following the incident . . . [o]n May 11, 2012, X-rays of Plaintiff's scull (sic), jaw, and orbital sockets were taken with negative results . . . [o]n September 13, 2012, Plaintiff had an Optometry consult. The handwritten consult notes indicate eye pain and diplopia not likely eye issues; suggested considering checking his sinuses. . . . [o]n December 14, 2012, an EMG and Nerve Conduction Report were performed at a local hospital. . . . [t]he impression conclusions indicate there were no findings of polyneuropathy, myopathy or radiculophathy." (Doc. 46, p. 9). Therefore, Defendants argue that because Plaintiff has already received extensive medical treatment regarding the medical issues that his Document 6 Injunction Motion address, he is not likely to succeed on the merits of his argument that the Court should grant his motion requesting an injunction for outside medical treatment and movement to a different cell block.

Furthermore, Defendants argue that Plaintiff's "records bear out that there is no risk of irreparable harm to his head, eye or left hand. . . . [and therefore] he has failed to demonstrate he will suffer irreparable injury if the injunction is not granted." (Doc. 46, pp. 10-11). Defendants argue that granting Plaintiff's injunction motion would result in irreparable harm to Defendants because "the granting of a preliminary injunction at this time would have a chilling effect on prison official carrying out their duties." (Doc. 46, p. 11).

Lastly, Defendants argue that "public interest is in favor of giving prison authorities wide latitude. . . . [and] requires that prison officials be free to run prisons in accordance with penological standards. . . . thus, the public interest weighs against granting the injunction."

(Doc. 46, p. 12).

On February 11, 2013, Plaintiff filed a Reply Brief (with attached Exhibits A, B, and C) to Defendants' Brief in Opposition to Plaintiff's Document 6 Injunction Motion. (Doc. 48). In his Reply Brief, Plaintiff argues that "[a]s a matter of law, the continuing deprivation of constitutional rights (in this case, his Eighth Amendment right to medical care) constitutes irreparable harm. Elrod v. Burns, 427 U.S. 347, 373, 96 S. Ct. 2673 (1976)." (Doc. 48, p. 9). Furthermore, Plaintiff states, "[i]n addition, Plaintiff is threatened with irreparable harm because of the nature of his injury, neurological carpal tunnel with loss of movement and function. If he does not receive proper treatment at the proper time (physical therapy), he may never regain the complete use of his left hand." (Doc. 48, p. 10). Furthermore, Plaintiff argues that the balance of hardships favors him, stating, "[i]n this case, the present suffering of the plaintiff, (continued eye pain and now ear pain from the "untreated" issue, continued loss of motor function in his left hand without the physical therapy ordered/ recommended by Dr. John Rice (Exhibit C) and the retaliatory treatment by Defendants and staff in collusion with Defendants), and his potential suffering if he permanently loses the normal use of his right eye and ear and his left hand are enormous." (Doc. 48, p. 11). Plaintiff further states that "plaintiff if placed in a single cell can't be set up by retaliating defendants. The Defendants hardships amount to no more than business as usual." (Doc. 48, p. 12).

Plaintiff also argues that he is likely to succeed on the merits because "[m]any other courts have held that the failure to carry out physician's orders is unconstitutional. See e.g. Johnson v. Wright, 412 F. 3d 398, 406 (2d Cir. 1996)." (Doc. 48, p. 13). Lastly, Plaintiff argues

6

that the "grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law, especially the Constitution. Phelps-Roper v. Nixon, 545 F. 3d 685, 690 (8th Cir. 2008)." (Doc. 48, pp. 13-14).

Injunctions may issue in only exceptional and extraordinary circumstances. *Parent v. Whinston*, 347 F. Supp. 471, 472 (E.D. Pa. 1972)(citing *Miller v. Standard Nut Margarin Co.*, 284 U.S. 498 (1932)). The grant or denial of a motion for a preliminary injunction is within the sound discretion of the district judge. *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443(3d Cir. 1983)(citing *Eli Lilly & Co. v. Premo Pharmaceutical Laboratories, Inc.*, 630 F.2d 120, 136 (3d Cir. 1978), *cert. denied*, 449 U.S. 1014 (1980)). A preliminary injunction is not granted as a matter of right. *Id.* Also, the moving party must demonstrate: (1) the likelihood of success on the merits; (2) that the party will suffer irreparable harm by the denial of the injunction; (3) that granting the relief will not result in even greater harm to the other interested party; and (4) the public interest will not be adversely affected by the granting of relief. *Ecri v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987); *In Re Arthur Treacher's Franchise Litigation*, 689 F.2d 1137, 1143 (3d Cir. 1982). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *Arthur Treacher's*, 689 F.2d at 1143.

A court may not grant a preliminary injunction when the issues raised in the motion for a preliminary injunction are entirely different from those raised in the complaint. *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198-199 (2d Cir. 1985). "Because the purpose of preliminary injunctive relief is to maintain the status quo or prevent

irreparable injury pending the resolution of an underlying claim on the merits, the injury claimed in a motion for such relief must necessarily relate to the conduct alleged and permanent relief sought in a plaintiff's complaint." *Africa v. Vaughn*, Civ. No. 96-649, 1996 WL 677515, at p.1 (E.D. Pa. Nov. 21, 1996)(citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)); *Stewart*, 762 F.2d at 198-199; *Penn v. San Juan Hospital*, 528 F.2d 1181, 1185 (10th Cir. 1975).

Thus, as the Court stated in *Hartmann v. Maybee-Freud*, 279 Fed. Appx. 142, 144 (3d Cir. 2008), the Plaintiff in a civil rights action who filed a motion for preliminary injunction "was required to show that he was likely to succeed on the merits of his claims, that the denial of relief would result in irreparable harm, and that granting the injunction would not result in irreparable harm to the Defendants and was in the public interest."(citation omitted). *See also Ball v. SCI-Muncy*, 2010 WL 4352929, *4 (M.D. Pa. 10-27-10).

In *Ball*, the Court stated:

> A preliminary injunction is not granted as a matter of right. *Kershner v. Mazurkewicz,* 670 F.2d 440, 443 (3d Cir.1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy that places precise burdens on the moving party. As a threshold matter, it is a movant's burden to show that the preliminary injunction is the only way of protecting the plaintiff from harm. *Campbell Soup Co. v. ConAgra, Inc.,* 977 F.2d 86, 91 (3d Cir.1992). For [a Plaintiff] to sustain his burden of proof under Fed.R.Civ.P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. *Abu-Jamal v. Price,* 154 F.3d 128, 133 (3d Cir.1998); *Kershner,* 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied. *Hohe v. Casey,* 868 F.3d 69, 72 (3d Cir.1989).
>
> Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial."

> *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir.1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm.") Further, immediate irreparable injury is more than merely serious or substantial harm. *ECRI v. McGraw-Hill, Inc.,* 809 F.2d 223, 226 (3d Cir.1987). "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." *Acierno v. New Castle County,* 40 F.3d 645, 653 (3d Cir.1994) (citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." *Dice v. Clinicorp, Inc.,* 887 F.Supp. 803, 809 (W.D.Pa.1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury ...." *Acierno,* 40 F.3d at 655 (citation omitted).
>
> ................................................................................................
>
> Other considerations in assessing a motion for preliminary injunctive relief is the possible harm to other interested parties if the relief is granted, *see Kershner,* 670 F.2d at 443, and whether the issuance of relief would be adverse to the public interest. *Dominion Video Satellite, Inc. v. Echostar Corp.,* 269 F.3d 1149, 1154 (10th Cir.2001).

*Id.,* *4-*5.

To reiterate, in his Document 6 Injunction Motion, Plaintiff is requesting that the Court enjoin Defendants to provide him with an outside medical exam for his head, eye and hand injuries, to provide him access to a medically appropriate physician outside of the prison, to provide him with physical therapy for his hand and eye, and to be moved to Z-block housing on "rec alone" status. (Doc. 6, p. 1).

Based on the aforementioned arguments presented by both parties, we will recommend that Plaintiff's Document 6 Injunction Motion be denied because Plaintiff has not met his burden of proving that he will suffer irreparable harm, that he is likely to succeed on the merits of his claims, that granting relief will not result in an even greater harm to Defendants or that the public interest will be adversely affected if his motion is granted. To elaborate, Plaintiff has failed to prove that he will suffer

irreparable harm if he is not provided with outside medical care or moved to the Z-block. Defendants presented evidence that they had taken all the necessary steps for Plaintiff to receive medical treatment for all of his medical complaints, including sending Plaintiff to an Optometrist for his eye complaints, a Neurologist for his head complaints, and having x-rays taken of Plaintiff's hands in response to his hand complaints. (Doc. 46, generally). The reports from each of the physicians who examined Plaintiff and from the tests and x-rays performed do not indicate that Plaintiff is in danger of suffering irreparable harm to his eyes, ears, head or hands.

In *Dandar v. Krysevig*, 2010 WL 486529, *4 (W.D. Pa. 2-5-10), the Court stated that the movant bears the burden of showing irreparable injury, and that he must show "immediate irreparable injury, which is more than merely serious or substantial harm." (Citations omitted). The *Dander* Court also stated that "the claimed injury cannot merely be possible, speculative or remote", and that "an injunction is not issued 'simply to eliminate a possibility of a remote future injury ... .' "(citations omitted). Based on the facts provided, the relief Plaintiff requests in his Injunction Motion is entirely speculative because there is no evidence that Defendants will deny Plaintiff medical care or will retaliate or have retaliated against Plaintiff by denying him necessary medical care. As stated and supported by factual evidence in Defendants' Document 46 Brief in Opposition, Plaintiff's medical complaints stemming from alleged injuries that occurred on April 24, 2010 when Plaintiff was restrained were taken seriously as evidenced by the fact that Plaintiff saw all necessary physicians with respect to his specific medical complaints. Plaintiff has provided no evidence whatsoever that Defendants will fail to provide medical care to him in the future or that the Court's failure to issue an injunction requiring Defendants to provide him with outside medical treatment will result in

irreparable injury.

Furthermore, Plaintiff has failed to meet his burden of proof that he is likely to succeed on the merits of his underlying Eighth Amendment denial of medical care constitutional claim because, as discussed, Defendants provided medical care to Plaintiff after the April 24, 2010 incident. In order for a Plaintiff to succeed on an Eighth Amendment denial of medical care claim, he must prove that Defendants acted with deliberate indifference to a serious medical need. *DeFranco v. Wolfe*, 387 F. App'x 147, 158 (3d Cir. 2010)(citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)(to demonstrate an Eighth Amendment violation, [the complainant] must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.")). The fact that Defendants provided Plaintiff with medical care in the form of x-rays and medical appointments with two different specialists (an Optometrist and a Neurologist) do not tend support Plaintiff's argument that he is likely to succeed on the merits, and Plaintiff has presented no evidence to the show that Defendants acted with deliberate indifference to his serious medical needs.

Furthermore, with regards to being moved to the Z-block, it is well-established that an inmate does not have a constitutional right to housing in a specific cell. *See Olim v. Wakinekona,* 461 U.S. 238, 245 (1983). Further, Plaintiff has no constitutional right to any particular classification or custody level in prison. *See Wilson v. Horn*, 971 F.Supp. 943, 947 (E.D. Pa. 1997).

We also find that the Plaintiff is requesting relief in the form of Court intervention and management while he is in prison, *i.e.* directing USP-Lewisburg to classify him as "rec alone" status, and directing USP-Lewisburg as to what Unit to house him in. The Court will not generally interfere with prison administration matters such as USP-Lewisburg's decision as to what Unit and classification

is proper for Plaintiff. The Court should give significant deference to judgments of prison officials regarding prison regulations and prison administration. *See Fraise v. Terhune*, 283 F.3d 506 (3d Cir. 2002); *See Levi v. Ebbert*, 2009 WL 2169171, *6 (M.D. Pa.). Therefore, Plaintiff has not met his burden of proving that he is likely to succeed on the merits of his claims, and thus has not met the burden of proof necessary for the Court to grant his Document 6 Injunction Motion.

As discussed, the Third Circuit stated that "as a threshold matter, it is a movant's burden to show that the preliminary injunction is the only way of protecting plaintiff from harm." *See Campbell Soup Co., supra*. Furthermore, in order for a Plaintiff to sustain his burden of proof under Rule 65 of the Federal Rules of Civil Procedure, a plaintiff must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. *See Abu-Jamal, supra*. "If the movant fails to carry this burden on either of these elements, the motion should be denied." *See Ball, supra*. Therefore, as discussed, because Plaintiff has failed to meet his burden of proving the likelihood of his success on the merits and the burden of proving that he will suffer irreparable harm if the injunction motion is not granted, we will respectfully recommend that Plaintiff's Document 6 Injunction Motion be denied.

### III. RECOMMENDATION

Based on the foregoing discussion, we respectfully recommend that the Court **DENY** Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. **(Doc. 6)**.

                                                       **s/ Thomas M. Blewitt**
                                                       **THOMAS M. BLEWITT**
                                                       **United States Magistrate Judge**

**Dated: February 25, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT NJOS, | : | CIVIL ACTION NO. **3:CV-12-1038** |
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| S ARGUETA, *et al.*, | : | |
| Defendants | : | |

# **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **February 25, 2013**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis
> of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                                      _s/ Thomas M. Blewitt_____
                                                      **THOMAS M. BLEWITT**
                                                      **United States Magistrate Judge**


**Dated:   February 25, 2013**