IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT NJOS, | : | CIVIL ACTION NO. **3:CV-12-1038** |
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| S ARGUETA, *et al.*, | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I.     BACKGROUND.**

On June 1, 2012, Plaintiff Scott J. Njos, an inmate located at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed, *pro se*, a *Bivens* action pursuant to 28 U.S.C. § 1331 against Defendants Pigos, McClintock, Argueta, Hunter, Prutzman, Edinger, Gosa, Brenneman, and Fasciana. (Doc. 1). He alleges that these Defendants violated his Eighth Amendment protection from excessive force right when Defendants restrained him while moving him to a different cell on April 24, 2010. He also alleges that Defendants violated his First Amendment right to access the courts by wrongfully taking his property and violated his Eighth Amendment right to medical care by denying him medical care after he allegedly suffered injuries stemming from the April 24, 2010 cell transfer. (Doc. 1, generally).

On June 1, 2012, Plaintiff also filed this instant Motion for a Temporary Restraining Order and Preliminary Injunction as a result of the events that occurred on April 24, 2012 that led to the aforementioned allegations against Defendants. (Doc. 6). On June 26, 2012, we

1

issued a Report and Recommendation, recommending in part that Plaintiff's Document 6 Injunction Motion be dismissed as moot. (Doc. 15). However, the Court issued a Memorandum and Order rejecting our Document 15 Report and Recommendation, including our recommendation that Plaintiff's Document 6 Injunction Motion be dismissed as moot. On October 31, 2012, we issued an Order deeming Plaintiff's Document 6 Injunction Motion as withdrawn due Plaintiff's failure to file a support brief in accordance with Middle District Local Rule 7.5. (Doc. 19).

On November 9, 2012, Plaintiff filed a Motion for Reconsideration of our Document 19 Order in which we deemed Plaintiff's Document 6 Injunction Motion as withdrawn. (Doc. 23). On November 13, 2012, we issued an Order granting Plaintiff's Document 23 Motion for Reconsideration with respect to Plaintiff's Document 6 Injunction Motion, effectively vacating our Document 19 Order, in part, with respect to Plaintiff's Document 6 Injunction Motion. (Doc. 24). We also directed Plaintiff to serve his Document 6 Injunction Motion with the attached Brief in Support on Defendants within ten (10) days of the date of our Document 24 Order, thus by November 23, 2012.

Plaintiff failed to serve his Document 6 Motion on Defendants in accordance with our Order; however, in an Order dated December 17, 2012, we redirected Plaintiff to serve his Document 6 Motion on Defendants and to file certificates of service with the Court within ten (10) days of the date of the Order. (Doc. 31). On December 28, 2012, Plaintiff filed a certificate of service for his Document 6 Injunction Motion. (Doc. 34). On January 3, 2013, we issued an Order deeming Plaintiff as having served his Document 6 Injunction Motion with

the attached Brief in Support on Defendants. (Doc. 35).

On January 17, 2013, we issued an Order directing Defendants to respond to Plaintiff's Document 6 Injunction Motion within ten (10) days of the date of the Order, and failure to do so would result in the motion as being deemed unopposed. (Doc. 43). On January 28, 2013, Defendants filed a Brief in Opposition to Plaintiff's Document 6 Injunction Motion. (Doc. 46). On February 11, 2013, Plaintiff filed a Reply Brief to Defendants' Brief in Opposition to Plaintiff's Document 6 Injunction Motion. (Doc. 48). Therefore, Plaintiff's Document 6 Injunction Motion was ripe for review.

On February 11, 2013, Plaintiff filed a Motion Requesting the Court to Order the Warden to give him Protective Custody Status and to move him to Z-Block housing unit where cells have their own showers, there is single cell recreation and each cell has a panic/emergency button. **(Doc. 51).** Plaintiff's Doc. 51 Motion is simply a copy of his Doc. 29 Motion for Order requesting protective custody which he filed on December 5, 2012. (*See* Doc. 29). Plaintiff also attached to his 2-page handwritten Doc. 51 Motion a copy of his December 11, 2012 brief he previously filed in support of his Doc. 29 Injunction Motion. (*See* Doc. 30).

On February 25, 2013, we issued an R&R and recommended that the Court deny Plaintiff's Doc. 6 Motion for a Temporary Restraining Order and Preliminary Injunction. (Doc. 53). Plaintiff filed objections to our R&R, and on April 11, 2013, the Court adopted our R&R and denied Plaintiff's Doc. 6 Injunction Motion. (Doc. 67).

On February 28, 2013, Defendants jointly filed a Motion to Dismiss and for Summary Judgment. (Doc. 54). After being granted an extension of time, Defendants filed their support

brief with Exhibits and their Statement of Facts ("SMF"). (Docs. 59 & 60). Plaintiff's opposition brief and his response to Defendants' SMF are due April 12, 2013. Defendants' main argument in their dispositive motion is that Plaintiff failed to exhaust his BOP administrative remedies. Defendants submitted evidence to support their contention.

On April 1, 2013, Plaintiff filed a 2-page Motion requesting the Court to stay this case so that he can conduct discovery under Fed.R.Civ.P. 56(f) in order to respond to Defendants' dispositive motion. (Doc. 61).

On April 2, 2013, we issued an Order and denied Plaintiff's Motion requesting the Court to stay this case so that he can conduct discovery under Fed.R.Civ.P. 56(f) in order to respond to Defendants' dispositive motion (Doc. 61). (Doc. 62).

We now consider Plaintiff's Doc. 51 Injunction Motion which is largely duplicative of his Doc. 6 Injunction Motion.

**II.    DISCUSSION**.

As the Court stated in *Hartmann v. Maybee-Freud*, 279 Fed. Appx. 142, 144 (3d Cir. 2008), the Plaintiff in a civil rights action who filed a motion for preliminary injunction "was required to show that he was likely to succeed on the merits of his claims, that the denial of relief would result in irreparable harm, and that granting the injunction would not result in irreparable harm to the Defendants and was in the public interest."(citation omitted). *See also Ball v. SCI-Muncy*, 2010 WL 4352929, *4 (M.D. Pa. 10-27-10).

In *Ball*, the Court stated:

> A preliminary injunction is not granted as a matter of right. *Kershner v. Mazurkewicz,* 670 F.2d 440, 443 (3d Cir.1982) (affirming denial of prisoner

4

motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy that places precise burdens on the moving party. As a threshold matter, it is a movant's burden to show that the preliminary injunction is the only way of protecting the plaintiff from harm. *Campbell Soup Co. v. ConAgra, Inc.,* 977 F.2d 86, 91 (3d Cir.1992). For [a Plaintiff] to sustain his burden of proof under Fed.R.Civ.P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. *Abu-Jamal v. Price,* 154 F.3d 128, 133 (3d Cir.1998); *Kershner,* 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied. *Hohe v. Casey,* 868 F.3d 69, 72 (3d Cir.1989).

Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 801 (3d Cir.1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm.") Further, immediate irreparable injury is more than merely serious or substantial harm. *ECRI v. McGraw-Hill, Inc.,* 809 F.2d 223, 226 (3d Cir.1987). "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." *Acierno v. New Castle County,* 40 F.3d 645, 653 (3d Cir.1994) (citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." *Dice v. Clinicorp, Inc.,* 887 F.Supp. 803, 809 (W.D.Pa.1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury ...." *Acierno,* 40 F.3d at 655 (citation omitted).

..........................................................................................................................

Other considerations in assessing a motion for preliminary injunctive relief is the possible harm to other interested parties if the relief is granted, *see Kershner,* 670 F.2d at 443, and whether the issuance of relief would be adverse to the public interest. *Dominion Video Satellite, Inc. v. Echostar Corp.,* 269 F.3d 1149, 1154 (10th Cir.2001).

*Id.,* *4-*5.

Defendants have not filed an opposition brief to Plaintiff's Doc. 51 Motion. However, since Defendants filed their January 28, 2013 Brief in Opposition to Plaintiff's Doc. 6 Injunction Motion (Doc. 46) which addressed, in part, Plaintiff's request that the Court order Defendants to move him

to Z-block with "housing-rec alone status" and, since we have addressed Plaintiff's stated request in our recent Doc. 53 R&R, we shall incorporate by reference our findings in our Doc. 53 R&R and recommend that Plaintiff's Doc. 51 Motion be denied for the same reasons.

In our Doc. 53 R&R, p. 11, we stated as follows:

> Furthermore, with regards to being moved to the Z-block, it is well-established that an inmate does not have a constitutional right to housing in a specific cell or prison. *See Olim v. Wakinekona,* 461 U.S. 238, 245 (1983). Further, Plaintiff has no constitutional right to any particular classification or custody level in prison. *See Wilson v. Horn*, 971 F.Supp. 943, 947 (E.D. Pa. 1997).
> We also find that the Plaintiff is requesting relief in the form of Court intervention and management while he is in prison, *i.e.* directing USP-Lewisburg to classify him as "rec alone" status, and directing USP-Lewisburg as to what Unit to house him in. The Court will not generally interfere with prison administration matters such as USP-Lewisburg's decision as to what Unit and classification is proper for Plaintiff. The Court should give significant deference to judgments of prison officials regarding prison regulations and prison administration. *See Fraise v. Terhune*, 283 F.3d 506 (3d Cir. 2002); *See Levi v. Ebbert*, 2009 WL 2169171, *6 (M.D. Pa.). Therefore, Plaintiff has not met his burden of proving that he is likely to succeed on the merits of his claims, and thus has not met the burden of proof necessary for the Court to grant his Document 6 Injunction Motion.

We also found in our Doc. 53 R&R, that Plaintiff failed to show that he was threatened with irreparable harm if the Court did not issue the requested injunction and that Plaintiff is not likely to succeed on the merits of his claims raised in this case.

Moreover, in *Henry v. Wilson*, 2007 WL 2746717, *5 (W.D. Pa. Sept. 17, 2007), the Court stated:

> The Supreme Court specifically has held that double-celling is not prohibited by the Eighth Amendment. *Rhodes v. Chapman,* 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Plaintiff fails to produce any evidence to demonstrate that the conditions of his confinement in a double cell with another inmate deprived him of any basic human need. Notwithstanding, he

does assert that his confinement in a double cell violates his rights under the Eighth Amendment because of his psychological needs. *Cf. Oden v. Wall,* 69 F.3d 539 (Table), 1995 WL 632381, *2 (7 Cir.1995) (noting that an inmate may have an Eighth Amendment right to a single cell if a serious medical need required it). However, only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. *See Hudson,* 503 U.S. at 9. To demonstrate an extreme deprivation, a prisoner must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions and that a substantial risk of serious harm results from the prisoner's unwilling exposure to the challenged conditions. *Rish v. Johnson,* 131 F.3d 1092, 1096 (4th Cir.1997).

We find that Plaintiff has failed to show that he is suffering from extreme deprivations at USP-Lewisburg and that he needs to be placed in the Z-Block housing unit. In fact, as stated, Plaintiff has simply re-filed, as Doc. 51 Motion, his Doc. 29 Motion and his Doc. 30 brief which were originally filed in early December 2012. Also, as mentioned, Plaintiff's Doc. 51 Injunction Motion is largely duplicative of his Doc. 6 Injunction Motion. As we have found in our Doc. 53 R&R in which we addressed Plaintiff's Doc. 6 Motion, Defendants established that Plaintiff has already received extensive medical treatment regarding the medical issues that his Document 6 Injunction Motion and that Plaintiff was not likely to succeed on the merits of his claims. Thus, we recommended that the Court should not grant Plaintiff's motion requesting an injunction for outside medical treatment and transfer to Z-Block housing unit. We also agreed with Defendants that Plaintiff's "records bear out that there is no risk of irreparable harm to his head, eye or left hand. . . . [and therefore] he has failed to demonstrate he will suffer irreparable injury if the injunction is not granted." (Doc. 46, pp. 10-11). Further, we agreed with Defendants in our Doc. 53 R&R in which they stated that the granting of Plaintiff's

Doc. 6 injunction motion would result in irreparable harm to Defendants because "the granting of a preliminary injunction at this time would have a chilling effect on prison official carrying out their duties." (Doc. 46, p. 11). Moreover, we concurred with Defendants' argument that "public interest is in favor of giving prison authorities wide latitude. . . . [and] requires that prison officials be free to run prisons in accordance with penological standards. . . . thus, the public interest weighs against granting [Plaintiff's Doc. 6] injunction." (Doc. 46, p. 12). As stated, on April 11, 2013, the Court adopted our R&R recommending that Plaintiff's Doc. 6 Injunction Motion be denied.

Additionally, Plaintiff also has remedies available to seek protective custody status by the BOP, *i.e.*, by filing a request for protective custody. The SIS Department of USP-Lewisburg would then conduct a protective custody investigation into Plaintiff 's claims as to why he thought he required such custody status. Plaintiff can also pursue his request for protective custody *via* the BOP administrative remedy process. *See Crumbly v. Bledsoe*, 2009 WL 2877034 (M.D. Pa. Sept. 2, 2009).

Thus, we will recommend that Plaintiff's Document 51 Injunction Motion be denied.

### III. RECOMMENDATION.

Based on the foregoing discussion, we respectfully recommend that the Court **DENY** Plaintiff's Motion for Injunctive Relief to be Placed in Protective Custody and Moved to Z-Block. **(Doc. 51)**.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 12, 2013**

IN THE UNITED STATES DISTRICT COURT
                         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT NJOS,                         :        CIVIL ACTION NO. **3:CV-12-1038**
                                    :
        Plaintiff                   :        (Judge Kosik)
                                    :
        v.                          :        (Magistrate Judge Blewitt)
                                    :
S ARGUETA, *et al.*,                :
                                    :
        Defendants                  :


# NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **April 12, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis
> of that record.  The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


＿s/ Thomas M. Blewitt＿＿＿＿＿
**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated: April 12, 2013**