

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT JOSEPH NJOS,  :
        Plaintiff,  :
                                 :    CIVIL ACTION NO. 3:CV-12-1038
      v.  :
                                 :    (Judge Kosik)
S. ARGUETA, et al.,  :
        Defendants.  :

## MEMORANDUM

Before the court are plaintiff's objections to the Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated August 9, 2013 (Doc. 74). For the reasons which follow, we will adopt in part and decline to adopt in part the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Plaintiff, Scott Njos, an inmate confined at the United States Penitentiary-Lewisburg, Lewisburg, Pennsylvania, filed the instant <u>Bivens</u>[1] civil rights action pursuant to 28 U.S.C. §1331 on June 1, 2012. Following an extensive procedural history, which has been set forth in the Report and Recommendation[2], Defendants filed a Motion to Dismiss and for Summary Judgment on February 28, 2013 (Doc. 54). Defendants also filed supporting documents (Docs. 59 and 60). On April 29, 2013, Plaintiff filed his Brief in Opposition to Defendants' Motion, as well as supporting documents (Doc. 69).

On August 9, 2013, the Magistrate Judge filed a Report and Recommendation (Doc. 74), wherein he recommended that the Defendants' Motion to Dismiss and for Summary Judgment (Doc. 54) be granted in its entirety with respect to all of Plaintiff's

---

[1] <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

[2] We will allude to the procedural history, as necessary, when addressing plaintiff's objections.

claims. Plaintiff filed objections to the Report and Recommendation (Doc. 75), Exhibits (Doc. 77), and a Brief in Support of his Objections (Doc. 79). Defendants filed a Brief in Opposition to Plaintiff's Objections (Doc. 78).

OBJECTION STANDARD

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

DISCUSSION

A. MAGISTRATE JUDGE'S REPORT

As the Magistrate Judge points out, the instant action revolves around incidents which occurred at plaintiff's cell in the SMU at USP- Lewisburg on April 24, 2012. Specifically, Plaintiff contends that on April 24, 2012, the "shake down crew" came to the cell he shared with inmate Stokes. When Plaintiff and Stokes were returned to their cell, they noticed that their belongings were missing. Plaintiff states that he was unwilling to give up his hand restraints until he spoke with a lieutenant or was given a property confiscation slip. Plaintiff asserts that he was grabbed by Defendant Prutzman and other officers and slammed into the floor. Plaintiff was placed in restraints from 12:30 p.m. until 8:00 a.m. the following morning. Plaintiff

acknowledges being checked by staff during the period the restraints were in place. Plaintiff asserts that at the time the restraints were removed, his hand was painful, black and swollen and that he had blisters from the chain on his skin. At 9:00 a.m., Plaintiff was seen by Defendant, Dr. Pigos, who reviewed and cosigned Plaintiff's injuries, treatment and subsequent check-ups. At 1:00 p.m., Plaintiff saw Defendant, Dr. Edinger, who also cosigned Plaintiff's injuries, treatment and subsequent check-ups. Plaintiff was subsequently seen by medical personnel. Plaintiff states that on two occasions he was confronted by Defendant Prutzman, who made offensive and threatening remarks. Plaintiff also complains about the medical care he received while in restraints and subsequent to his release from the restraints.

The Magistrate Judge summarized the allegations set forth in Plaintiff's Complaint, as well as the evidence submitted by the parties. The Magistrate Judge then addressed each of Plaintiff's claims against the Defendants. As to Defendant Brenneman, a nurse and member of the Public Health Service, the Magistrate Judge found that Defendant Brenneman is entitled to absolute immunity on the <u>Bivens</u> claims, because he was acting as an employee of the Public Health Service within the scope of his employment. Thus, the Magistrate Judge found that the Plaintiff's exclusive remedy would lie under the Federal Tort Claims Act ("FTCA").

The Magistrate Judge next addresses the Defendants' argument that the undisputed evidence shows that the Plaintiff failed to exhaust his administrative remedies with respect to his constitutional claims. Specifically, the Magistrate Judge considered whether administrative remedies were available to plaintiff based on alleged threats by Defendant, Correctional Officer Prutzman. The Magistrate Judge concluded that the Defendants did not meet their burden of proving their affirmative defense of failure to exhaust administrative remedies and recommended that Plaintiff's constitutional claims should be permitted to proceed.

In ruling on Plaintiff's Eighth Amendment excessive force claims arising out of the April 24, 2012 incident, the Magistrate Judge found that summary judgment should be granted for all Defendants, except for Defendant Prutzman, with respect to Plaintiff's excessive force claim regarding his removal from his cell on April 24, 2012. Specifically, the Magistrate Judge held that no other Defendant, except Defendant Prutzman, was involved with Plaintiff's removal from his cell. While Defendant Argueta was present, Defendant Argueta was only involved in an altercation with Plaintiff's cellmate Stokes during the April 24, 2012 incident. The Magistrate Judge found that based on the record, no other Defendants were involved when Plaintiff was removed from his cell.

As to Defendant Prutzman, the Magistrate Judge found that the forced used by Defendant Prutzman on Plaintiff during the April 24, 2012 incident was not excessive. Specifically, the Magistrate Judge found that the force used by Defendant Prutzman was not an excessive use of force, since it was within the quantum of force necessary to respond to Plaintiff's disobedience of the officer's order to uncuff and to regain control of Plaintiff.

The Magistrate Judge next considered Plaintiff's Eighth Amendment claims regarding his being held in restraints from April 24, 2012 to April 25, 2012, and also regarding the medical care he received in the aftermath of the April 24, 2012 incident. As the Magistrate Judge points out, Defendants' evidence shows that Plaintiff was held in restraints from April 24, 2012, at 12:35 p.m. until April 25, 2012 at 8:00 a.m. During that time, Plaintiff was checked every 15 minutes, and every two hours he was checked by a lieutenant, including four restraint checks by Defendant Hunter. Plaintiff also received checks by Health Services. The Magistrate Judge concluded that, based on the evidence of record, the Defendants are entitled to summary judgment, with respect to Plaintiff's Eighth Amendment conditions of

confinement claim. The Magistrate Judge found that restraining Plaintiff for less than 24 hours, along with the resulting deprivations, did not amount to the denial of minimal measures of life's necessities, such that the deprivation was objectively sufficiently serious. Moreover, the Magistrate Judge found that no Defendant who was involved with the April 24, 2012 incident acted with deliberate indifference to an excessive risk to Plaintiff's health or safety.

As to Plaintiff's claims that Defendants were deliberately indifferent to his medical needs after the removal from his call and during the time he was restrained, the Magistrate Judge found that the record fails to demonstrate deliberate indifference to Plaintiff's serious medical needs. The Magistrate Judge found that the record shows that Plaintiff was provided medical treatment for his alleged injuries stemming from the April 24, 2012 incident and that Plaintiff merely disagrees with the medical treatment that was provided to him during the relevant time. The Plaintiff was evaluated by multiple prison medical providers and their recommendations for treatment were co-signed by Defendants Dr. Pigos and Dr. Edinger, indicating their approval of the course of treatment provided to Plaintiff. The Magistrate Judge also found that Plaintiff was properly treated after the April 24, 2012 incident and that he was receiving anti-inflammatory medication, as well as proper testing for his conditions.

As to Defendants, Dr. Pigos and Dr. Edinger, the Magistrate Judge found that the evidence showed insufficient direct personal involvement. Defendants Pigos and Edinger only co-signed the Health Services Clinical Encounter Notes which evaluated Plaintiff during the time he was in restraints. For Plaintiff to establish a claim against Defendants Pigos and Edinger, Plaintiff would have to show that they acted with a culpable state of mind to deny him medical care.

The evidence of record shows that Plaintiff was first seen for his alleged

injuries in a routine health services check within one-half hour of the April 24, 2012 incident, and that he was seen by three different medical providers over the course of the day on April 24, 2012. The medical reports indicated only minor injuries to Plaintiff. The medical evidence further shows that Plaintiff was properly treated after the incident and that he was receiving anti-inflammatory medication and was given several tests in response to his complaint. Thus, the Magistrate Judge concluded that the evidence showed that Plaintiff was afforded medical care by the prison medical staff and that he received medical attention for his injuries. While Plaintiff was dissatisfied with the treatment, the record belies his claims of deliberate indifference, thereby precluding an Eighth Amendment claim.

The Magistrate Judge recommended that insofar as Plaintiff seeks monetary damages from Defendants in their official capacities, the request for relief be dismissed. The Magistrate Judge also found that the Plaintiff failed to establish a First Amendment denial of access to the courts claim in that he fails to show any actual injury. As to Plaintiff's allegations relating to the verbal threats of Defendants Argueta and Prutzman, the Magistrate Judge found that Plaintiff failed to establish a constitutional claim. Finally as to Plaintiff's claims arising out of the filing of a false Incident Report, the Magistrate Judge found that they were barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

In response to the Report and Recommendation of the Magistrate Judge, Plaintiff filed Objections (Doc. 75) and a Brief in Support thereof (Doc. 79). Defendants filed a Brief in Opposition to Plaintiff's Objections (Doc. 78).

B. PLAINTIFF'S OBJECTIONS

In his objections to the Report and Recommendation of the Magistrate Judge, Plaintiff alludes to his verified complaint and asserts that the Magistrate Judge failed

to take into consideration the assertions raised therein.[3] Plaintiff also argues that the Magistrate Judge misread the complaint.

In setting out the Report and Recommendation, the Magistrate Judge included a section entitled "Allegations of Complaint", wherein he summarized Plaintiff's allegations. The Plaintiff objects to the Magistrate Judge's characterization of the incidents which took place on April 24, 2012. Plaintiff objects to the Magistrate Judge's reliance on records and affidavits that Defendants created, or over which they had control, and he requests that he be given a polygraph. The Plaintiff does not object to the Magistrate Judge's finding of immunity as to Defendant Brenneman[4]. Plaintiff asserts that Defendants have down-played his injuries and state of mind after the April 24, 2012 incident. He asserts that he has witnesses to support his claims. He also objects to the way in which the Magistrate Judge applied the law as to the Fed. R. Civ. P. 12(b)(6) standard and the way in which the Magistrate Judge construed his Verified Complaint-Affidavit. Plaintiff objects to the Magistrate Judge's findings as to Defendant Hunter filing a false report.

As to the Magistrate Judge's findings that there were no genuine issues of material fact surrounding the incidents in Plaintiff's cell, the medical treatment received by Plaintiff, and the circumstances surrounding the period when Plaintiff was in restraints, Plaintiff also asserts that there are contradictions in the custody and medical records submitted by Defendants. Plaintiff requests an opportunity to present witnesses and requests that the evidence of record be construed in his favor.

Finally, Plaintiff asserts that he is not attempting to address his allegations

---

[3] We note that Plaintiff is correct that a verified pro se complaint may be treated as an affidavit for purposes of determining defendants' summary judgment motion. London v. PA Bd. Of Probation and Parole, 135 F. Supp. 2d 612, 613 (E.D. PA 2001).

[4] Specifically, the Magistrate Judge found that Defendant Brenneman was a member of the Public Health Service acting within the scope of employment and that he was entitled to absolute immunity on the Bivens claims. Plaintiff's exclusive remedy would lie under the FTCA.

regarding the incident reports. He states that he is not asking the court to rule on any of the punishments in the incident reports as he hasn't "done my §2241". As the Magistrate Judge points out, any claims plaintiff raises surrounding the incident report and subsequent disciplinary hearing is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

## C. CONCLUSIONS

As the Magistrate Judge indicates in the procedural history of this case, Defendants filed a Motion to Dismiss/Motion for Summary Judgment. As to the procedural history, no answer has been filed by Defendants and no formal discovery period has been set. In his objections, Plaintiff requests an opportunity to collect and present evidence from witnesses in support of his claims. In reviewing Plaintiff's objections in light of the Report and Recommendation of the Magistrate Judge, we will adopt in part, and decline to adopt in part, the Recommendations of the Magistrate Judge.

As to the Magistrate Judge's finding that Defendant Brenneman is entitled to absolute immunity in that he is an employee of the U.S. Public Health Service acting within the scope of his employment, we agree with the Magistrate Judge's findings. Thus, he will be dismissed from this action. We also agree with the Magistrate Judge that summary judgment should be granted as to Plaintiff's Eighth Amendment claims regarding deliberate indifference to Plaintiff's medical needs during and subsequent to the April 24, 2012 incident. The medical records provided by Defendants show that Plaintiff was provided with medical treatment and checked by medical personnel on April 24, 2012 and thereafter. While Plaintiff disagrees with the medical treatment

that he was provided, this is insufficient to set forth a constitutional claim[5]. Therefore, we agree with the Magistrate Judge that Defendants' Motion for Summary Judgment should be granted as to the Plaintiff's medical claims.

As to Plaintiff's claims for excessive use of force and assault against Defendants Argueta and Prutzman arising out of the April 24, 2012 incident, we disagree with the Magistrate Judge that Summary Judgment is warranted. Rather, we find that genuine issues of material fact exist as to what occurred in Plaintiff's cell on April 24, 2012. Thus, we will deny Defendants', Argueta and Prutzman, Motion for Summary Judgment on the Eighth Amendment excessive use of force claims.[6]

As the Magistrate Judge points out, Plaintiff also has an Eighth Amendment claim regarding being held in restraints from April 24, 2012 to April 25, 2012. The records submitted by Defendants indicate that Plaintiff was held in restraints from April 24, 2012 at 12:35 p.m. until April 25, 2012 at 8:00 a.m., that Plaintiff was checked every fifteen minutes, that he was checked every two hours by a lieutenant, and that he was also checked by Health Services. While Plaintiff, in his objections, disagrees with the representations as to his alleged conduct at the time he was in restraints, and the alleged inconsistencies in the enteries on the reports, we agree with the Magistrate Judge that the deprivation alleged by Plaintiff regarding the restraints was not objectively, sufficiently serious and that Plaintiff was not denied the minimal measures of life's necessities. The evidence shows that Plaintiff was in restraints for less than 24 hours, and the resulting deprivations did not amount to the denial of the minimal measures of life's necessities. Moreover, the evidence

---

[5] In his Objections and supporting brief, Plaintiff acknowledges that he was examined by medical staff, but asserts that he was never treated. The record reflects that Plaintiff was provided medication and that he was provided testing for his complaints.

[6] While the Magistrate Judge also finds that Plaintiff's Eighth Amendment excessive use of force claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), we disagree. See, Nelson v. Jashurek, 109 F.3d 142 (3d Cir. 1997). We also find that Defendants, Argueta and Prutzman, are not entitled to qualified immunity on these claims.

surrounding the placing of Plaintiff in restraints by Defendants does not show that Defendants acted with deliberate indifference to an excessive risk to Plaintiff's health or safety.[7] Thus, we agree with the Magistrate Judge's recommendation that summary judgment on Plaintiff's Eighth Amendment claim surrounding his being held in restraints should be granted.

We also agree with the Magistrate Judge that to the extent that Plaintiff seeks monetary damages from all Defendants in their official capacities, this request for relief will be dismissed. In addition, Plaintiff's claims involving verbal threats by Defendants Argueta and Prutzman fail to state a constitutional claim and will be dismissed.

Finally, the Magistrate Judge addresses Plaintiff's claims regarding a First Amendment denial of access to the court claim. Specifically, the Magistrate Judge finds that Plaintiff has failed to set forth an actual injury. He therefore recommends that Plaintiff's First Amendment denial of access to the court claim be dismissed. In his objections, Plaintiff argues that he states a claim for denial of access to the courts because Certificates of Service were not filed with motions for injunctive relief.

A prisoner asserting a denial of access to courts claim must satisfy the constitutional standing requirement by alleging an actual injury. Lewis v. Casey, 518 U.S. 343, 349 (1996). To meet this requirement, a plaintiff must show that the actions of the prison officials hindered the prisoner's efforts to pursue a nonfrivolous claim. See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008); Christopher v. Harbury, 536 U.S. 403, 415 (2002).

---

[7] In his complaint, Plaintiff acknowledges disobeying an order to uncuff. Additionally, in his Objections to the Report and Recommendation (Doc. 75), Plaintiff states:

> ... the "only" thing I didn't follow orders on was to "give up" my restraints. I passively, non-violently, respectfully remained in restraints requested a confinscation (sic) form per policy, I offered no resistance at all, no threats, no insolence, *and if my actual history is brought forward, which I intend to do, when I do become disruptive as is my history I threaten and curse.*

A review of the record shows that Plaintiff's requests for injunctive relief involved a request for outside medical exams and request for a single cell, as well as an objection to the Justice Department representing Defendants and for a polygraph test. Plaintiff has not shown an actual injury or that any actions of Defendants hindered his efforts to pursue a nonfrivolous claim. Moreover, as the Magistrate Judge points out, Plaintiff's voluminous filings in this court belie any claims that Plaintiff has been denied access to this court.