UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT JOSEPH NJOS,                    :
                    Plaintiff,        :
                                      :        CIVIL ACTION NO. 3:CV-12-1038
          v.                          :
                                      :        (Judge Kosik)
S. ARGUETA, et al.,                   :
                    Defendants.       :

FILED
SCRANTON

APR 1 0 2014

PER _____ DEPUTY CLERK

## **MEMORANDUM**

Before the court is Plaintiff's Motion to Reconsider (Doc. 84) this court's Order
of March 20, 2014 (Doc. 81), granting Defendants' Motion for Summary Judgment on
Plaintiff's Eighth Amendment claims concerning medical care and conditions of
confinement.  For the reasons which follow, the Motion to Reconsider will be denied.

## BACKGROUND

Plaintiff, Scott Njos, an inmate confined at the United States Penitentiary-
Lewisburg, Lewisburg, Pennsylvania, filed the instant Bivens civil rights action
pursuant to 28 U.S.C. §1331 on June 1, 2012.  Following an extensive procedural
history, Defendants filed a Motion to Dismiss and for Summary Judgment on
February 28, 2013 (Doc. 54).  Defendants also filed supporting documents (Docs. 59
and 60).  On April 29, 2013, Plaintiff filed his Brief in Opposition to Defendants'
Motion, as well as supporting documents (Doc. 69).

On August 9, 2013, the Magistrate Judge filed a Report and Recommendation
(Doc. 74), wherein he recommended that the Defendants' Motion to Dismiss and for
Summary Judgment (Doc. 54) be granted in its entirety with respect to all of Plaintiff's
claims.  Plaintiff filed objections to the Report and Recommendation (Doc. 75),
Exhibits (Doc. 77), and a Brief in Support of his Objections (Doc. 79).  Defendants
filed a Brief in Opposition to Plaintiff's Objections (Doc. 78).

On March 20, 2014, this court issued a Memorandum and Order, adopting in part and declining to adopt in part, the Report and Recommendation of the Magistrate Judge. Specifically, we adopted the part of the Recommendation regarding the dismissal of Defendant Brenneman, Plaintiff's claims against all Defendants in their official capacities, Plaintiff's claims against Defendants Argueta and Prutzman based on verbal threats, and Plaintiff's First Amendment denial of access to the court claim. We also adopted the part of the Recommendation which recommended that we grant Defendants' Motion for Summary Judgment on the Eighth Amendment claims regarding denial of medical care and challenging conditions of confinement. We declined to adopt the part of the Recommendation regarding Defendants Argueta and Prutzman's Motion for Summary Judgment on the excessive use of force claims and we remanded the action to the Magistrate Judge.

On April 1, 2014, Plaintiff filed a Motion to Reconsider (Doc. 84).[1] In the Motion to Reconsider, Plaintiff requests the court to reconsider "the dismissal of his eighth amendment claims (Doc. #81) concerning his medical care claims and conditions of confinement." Specifically, Plaintiff states that he needs access to discovery.

STANDARD

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when

---

[1] Plaintiff also filed a document entitled "Objections to R&R adoption" (Doc. 88).

the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F.Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F.Supp. 712 (M.D. Pa. 1996)(quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F.Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

DISCUSSION

Applying the above standard, we conclude that Plaintiff has not demonstrated any of the applicable grounds for reconsideration. In support of his Motion to Reconsider, Plaintiff cites the need for access to discovery. However, as we indicated in our Memorandum, both sides submitted extensive documentation in support of, and in opposition to the Motion for Summary Judgment.[2] While Plaintiff may disagree with the findings and legal conclusions in this court's rulings, we find no basis to reconsider our earlier decision. Accordingly, the Motion for Reconsideration will be denied. An appropriate Order follows.

---

[2]Plaintiff has filed numerous documents including prison and medical records as attachments to his Complaint (Doc. 1), and as Exhibits in Opposition to Defendants' Motion to Dismiss and for Summary Judgment (Doc. 69).