IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT JOSEPH NJOS, | : | CIVIL ACTION NO. **3:CV-12-1038** |
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| S. ARGUETA, et al., | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

**I.   BACKGROUND.**

On June 1, 2012, Plaintiff Scott Njos, a federal inmate at the United States Penitentiary Lewisburg ("USP-Lewisburg"), Lewisburg, Pennsylvania, in the Middle District of Pennsylvania, filed, pro se, this Bivens[1] civil rights action, pursuant to 28 U.S.C. § 1331.[2] (Doc. 1).

In his Complaint, Plaintiff Njos claimed, in relevant part, that he was subjected to excessive force during an alleged "shake-down" of his cell conducted at USP-Lewisburg, in the SMU, on April 24, 2012. (Doc. 1, p. 3). Plaintiff Njos contended that, on April 24, 2012, the "shake down" crew" came to cell C-116, the cell shared by Plaintiff and inmate Franklin Stokes, at approximately

---

1.   Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff's action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).
    As Plaintiff correctly recognized, this is a Bivens action since he sought monetary damages from federal officials for alleged violations of his constitutional rights. See Oriakhi v. Wood, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); Conway v. Lindsay, 2009 WL 1956282 (M.D. Pa.). (Doc. 1, p. 2).

2.   Since we stated the complete procedural background of this case in our Doc. 74 R&R, we do not fully repeat it herein.

11:00 a.m. (Doc. 1, p. 4). At 12:00 p.m., when prison guards returned Plaintiff and Stokes, to their cell, Plaintiff and inmate Stokes allegedly noticed all of their belongings were missing. (*Id.*). Plaintiff then requested the prison officials present at the time to provide a property confiscation slip before giving up his hand restraints, but officials allegedly denied his request. (Doc. 1, p. 3). Plaintiff admits he and his cell-mate Stokes temporarily refused the corrections officer's order to turn around and back out of the cell, but maintains he "passively refused to uncuff (sic), [and] he did not become insolent or aggressive." (Doc. 1, p. 7). Plaintiff then alleges his cell-mate Stokes was assaulted by Officer Defendant Argueta, and that Officer Defendant Prutzman allegedly beat Plaintiff in the head and repeatedly slammed his face against the floor, causing him to suffer serious injuries, including a concussion, unconsciousness and amnesia. (Doc. 6, p. 7). Subsequent to this incident in which Plaintiff was subdued and taken to the ground by officers, Plaintiff alleged he was again confined in his cell and placed in ambulatory restraints for more than twelve hours (*i.e.* from 12:30 pm on April 24, 2012, to 8:00 am on April 25, 2012).

On February 28, 2013, Defendants filed a Motion to Dismiss and for Summary Judgment. (Doc. 54).

On August 9, 2013, we issued an R&R and recommended that Defendants' Motion to Dismiss and for Summary Judgment (Doc. 54) be granted in its entirety with respect to all of Plaintiff Njos' claims. We also recommended that the Court close this case. (Doc. 74). Plaintiff filed objections to our R&R. On March 20, 2014, the Court issued a Memorandum and Order and adopted, in part, and rejected, in part, our R&R. (Docs. 80 & 81). The Court basically granted Defendants' dispositive motion with respect to all of Plaintiff's claims except for his Eighth

Amendment excessive force claim against Defendants Argueta and Prutzman arising out of the April 24, 2012 incident.

In our Doc. 74 R&R, we found that Defendants did not meet their burden of proving their affirmative defense of failure to exhaust administrative remedies. We stated that the exhaustion issue should not be resolved, as a matter of law, without further discovery.[3] See Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002). Furthermore, we found that Plaintiff's averment in his Affidavit that he was threatened by Defendant Prutzman regarding his attempt at exhaustion was a disputed question of fact, which had not yet been disproved by the defendants, nor resolved by a trier of fact. Id. We therefore recommended, regarding the issue of exhaustion, that if the Plaintiff's constitutional claim(s) should be permitted to proceed, then Defendants' Motion for Summary Judgment on the basis of Plaintiff's failure to exhaust should be denied without prejudice to re-assert this issue after discovery. We clearly indicated that if the Court did not grant Defendants' Summary Judgment Motion with respect to all of Plaintiff's constitutional claims and if any claims remained, discovery only on the exhaustion issue was needed.

Additionally, as the Court discussed in its Doc. 80 Memorandum, p. 4, we considered the extensive evidence submitted by the parties and found that "the force used by Defendant Prutzman on Plaintiff during the April 24, 2012 incident was not excessive" and that "[the force] was within the quantum of force necessary to respond to Plaintiff's disobedience of the officer's order to uncuff

---

3. We noted in our R&R that the Court may allow Defendants to try and dispute Plaintiff's claim that he could not fully exhaust all of his administrative remedies because they were "unavailable" due to the alleged threats by raising again the affirmative defense of failure to exhaust in a future Motion for Summary Judgment after discovery regarding the exhaustion issue.

[have Plaintiff's handcuffs removed] and to regain control of Plaintiff." The Court also stated in its Doc. 80 Memorandum, p. 9, regarding Plaintiff's excessive focre claim, "we disagree with the Magistrate Judge that Summary Judgment is warranted." The Court stated that "we find genuine issues of material fact exist as to what occurred in Plaintiff 's cell on April 24, 2012." Thus, the Court denied Defendants' Summary Judgment Motion with respect to Plaintiff 's excessive force claim against Defendants Argueta and Prutzman. Further, the Court noted that it did not agree with our R&R finding that Plaintiff's excessive force claim was *Heck* barred, and the Court also found that Defendants Argueta and Prutzman were not entitled to qualified immunity on this claim. (*Id.*, p. 9 & n. 6).

Upon remand of this case to the undersigned by the Court, it appeared that the two remaining Defendants, Argueta and Prutzman, did not yet file their Answer to Plaintiff's Complaint with respect to his remaining Eighth Amendment excessive force claim arising out of the April 24, 2012 incident. Thus, on March 24, 2014, we issued an Order and directed Defendants Argueta and Prutzman to file their Answer with respect to Plaintiff's remaining Eighth Amendment excessive force claim. (Doc. 83). We stated that we would then issue a Scheduling Order setting deadlines for discovery and dispositive motions regarding **only** the exhaustion issue. As discussed above, we found the Court, considering the excessive evidence submitted by the parities, had already determined that genuine issues of material fact exist as to what occurred in Plaintiff's cell on April 24, 2012, and that Plaintiff's excessive force claim against Defendants Argueta and Prutzman was not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 80, p. 9). Thus, we stated that no discovery would be permitted with respect to the merits of Plaintiff's Eighth Amendment excessive

force claim against Defendants Argueta and Prutzman since ample evidence was already submitted regarding this claim.

On April 2, 2014, Defendants Argueta and Prutzman timely filed their Answer to Plaintiff's Complaint with respect to Plaintiff's remaining Eighth Amendment excessive force claim along with Affirmative Defenses, including the failure of Plaintiff to have exhausted his BOP administrative remedies. (Doc. 87).

Also, on April 2, 2014, Defendants Argueta and Prutzman filed a Motion for Clarification of our March 24, 2014 Order insofar as we indicated that discovery and dispositive motions would **only** be permitted regarding the exhaustion issue and, that no discovery would be permitted with respect to the merits of Plaintiff's Eighth Amendment excessive force claim against Defendants Argueta and Prutzman. **(Doc. 85).** Defendants also filed their support brief with unpublished opinions attached. (Doc. 86). Defendants state that they seek clarification as to our March 24, 2014 Order and "whether [they] will never get an opportunity to conduct discovery on the excessive force claim." Defendants also state that they seek clarification of our March 24, 2014 Order as to whether they may conduct discovery regarding Plaintiff's excessive force claim, if necessary.

Plaintiff did not file an opposition brief to Defendants' Motion for Clarification and the time in which his brief was due expired. Nor did Plaintiff file a request for an extension of time to file an opposition brief.[4]

---

4. On April 21, 2014, Plaintiff filed a Motion for Relief from the District Court's March 20, 2014 Memorandum and Order (Docs. 80 & 81) under Rule 60(b). (Doc. 91).

## II.  DISCUSSION.

There is no question that a Motion for Clarification can be filed to explain or clarify something ambiguous or vague. See Wallace v. Powell, 2012 WL 2007294, *1 (M.D.Pa. June 5, 2012)("The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend.").(citations omitted).

While we do not find that our March 24, 2014 Order was either ambiguous or vague, we will grant Defendants' Motion for Clarification. We will clarify our March 24, 2014 Order herein. However, we will not vacate or amend our March 24, 2014 Order.

We have reviewed the record in this case as well as Defendants' brief and find that more than ample evidence was already submitted by both parties with respect to the merits of Plaintiff's Eighth Amendment excessive force claim against Defendants Argueta and Prutzman. In our Doc. 74 R&R, we found that the evidence showed Defendant Argueta did not have sufficient personal involvement with respect to Plaintiff's Eighth Amendment excessive force claim. Also, in our Doc. 74 R&R, pp. 41-42, we stated, in relevant part, with respect to Plaintiff's excessive force claim against Defendant Prutzman, as follows:

> "[W]e find that Defendants' Summary Judgment Motion should be granted with respect to Plaintiff's excessive force claim against Defendant Prutzman, namely, that Defendant Officer Prutzman used excessive force on Plaintiff to remove him from his cell on April 24, 2012. We agree with Defendants that the undisputed evidence shows that Defendant "[CO] Prutzman [used] the force necessary to gain control of Njos and placed him on the floor until additional staff arrived." (Doc. 59, p. 21 & Doc. 59-1, p. 71). Defendant Prutzman avers that "once the cell door opened Njos charged toward me with head down, attempting to strike me in the chest area." Defendant Prutzman also avers that "I used only the necessary force to place [Plaintiff] on the floor to regain control of him." (Id.). Also, as stated, Plaintiff was charged with misconduct in an Incident Report by Defendant Prutzman regrading this incident and Plaintiff was convicted of the

charges by the DHO. Thus, as noted above, any constitutional claim now by Plaintiff that Defendant Prutzman was the aggressor in the incident are *Heck* barred. In his Affidavit, Plaintiff merely avers that he "never resisted any of the Defendants or staff involved in [the incident]." (Doc. 69, Ex. E).

[T]he undisputed evidence shows that the force Defendant Prutzman used on Plaintiff was not an excessive use of force since it was within the quantum of force necessary to initially respond to Plaintiff's disobedience of the officer's order and to regain control of Plaintiff. In fact, we agree with Defendants that the record shows the force Defendant Prutzman used on Plaintiff was de minimus. Further, the undisputed evidence shows that Plaintiff only sustained minor injuries during his removal from his cell. (Doc. 69, Ex. B). Also, substantial discretion is afforded officers and prison officials in order to maintain prison order, discipline and security, and we find that a reasonable trier of fact could not conclude that Defendant Prutzman used excessive force on Plaintiff in removing him from his cell on April 24, 2012.
     Plaintiff has submitted a copy of the December 14, 2012 EMG and Nerve Conduction Report of Dr. Rice regarding his complaints about left writs and hand numbness and discomfort since late April 2012. (Doc. 69, Ex. C). We do not find that this Report shows that Plaintiff suffered any serious injuries due to the short time of less than 24 hours he was held in restraints from April 24, 2012 to April 25, 2012. The impression from the tests showed that Plaintiff had carpal tunnel syndrome and a mild degree of median nerve dysfunction at his wrist. Plaintiff's ulnar motor and sensory responses and voluntary motor unit potentials were normal and, there were no findings of neuropathy, myopathy or radiculopathy. This Report submitted by Plaintiff does not show that excessive force was used on him by Defendant Prutzman on April 24, 2012, and it does not show that his carpal tunnel syndrome was caused by the incident. Further, we find that the Report does show that Plaintiff was properly treated medically after the incident and that he was receiving anti-inflammatory medication as well as proper testing for his conditions.
     Thus, we will recommend that Defendants' Summary Judgment Motion be granted with respect to [the merits of] Plaintiff's excessive force claim against Defendant Prutzman.

As such, we recommended that Defendants Argueta and Prutzman be granted summary judgment on merits of Plaintiff's Eighth Amendment excessive force claim against them, based on the extensive evidence submitted in the case, and the Court did not adopt this

recommendation. Additionally, the Court recently stated in its Memorandum denying Plaintiff's Motion for Reconsideration of the Court's March 20, 2014 Order (Doc. 81) regarding the Court's grant of summary judgment to Defendants on Plaintiff's denial of medical care claims and his conditions of confinement claims, "[w]e declined to adopt the part of the [R&R] regarding Defendants Argueta and Prutzman's Motion for Summary Judgment on [Plaintiff's] excessive use of force claim ... ." (Doc. 89, p. 2). The Court also stated that "both sides submitted extensive documentation in support of, and in opposition to the [Defendants'] Motion for Summary Judgment." (*Id.*, p. 3).

Defendants now basically request a second bite at the apple in terms of being permitted to conduct discovery and present further evidence on the merits of Plaintiff's Eighth Amendment excessive force claim against them. We find that both Plaintiff and Defendants had more than ample opportunity to conduct any discovery, including depositions, they deemed necessary since Plaintiff filed his Complaint on June 1, 2012, and since Defendants were served with Plaintiff's Complaint on November 1, 2012. Defendants did not file their dispositive motion until February 28, 2013. Defendants had **four (4)** months to conduct any discovery they desired. Moreover, as discussed above, the parties already submitted extensive evidence regarding the merits of Plaintiff's constitutional claims and the Court disagreed with us and found, based on that extensive evidence, that genuine issues of material fact existed regarding Plaintiff's excessive force claim against Defendants Argueta and Prutzman. The Court also disagreed with us and found that Plaintiff's excessive force claim was not *Heck* barred, and that Defendants Argueta and Prutzman were not entitled to quailed immunity on this claim.

Additionally, based on the lengthy procedural history of this almost 2-year old case, we find it would extremely prejudicial to the *pro se* inmate Plaintiff to allow Defendants Argueta and Prutzman another opportunity to conduct discovery regarding the merits of his excessive force claim, to re-sumibt evidence on this claim, and to then re-file another Summary Judgment Motion regarding this claim after they had already submitted extensive evidence in this case.

## III.   CONCLUSION.

Accordingly, we will grant Defendants Argueta and Prutzman's Motion for Clarification of our March 24, 2014 Order, but we will not alter or amend our Order.

THOMAS M. BLEWITT
**United States Magistrate Judge**

Dated: April 23, 2014