UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
OCT 16 2014

PER _____
DEPUTY CLERK

SCOTT JOSEPH NJOS,
    Plaintiff,

v.

S. ARGUETA, et al.,
    Defendants.

CIVIL ACTION NO. 3:CV-12-1038

(Judge Kosik)

# MEMORANDUM

Before the court are Plaintiff's Objections (Docs. 121 and 126) to Orders of the Magistrate Judge filed on July 14, 2014 (Doc. 119) and July 21, 2014 (Doc. 123). There is also pending Defendants' Motion for an Evidentiary Hearing (Doc. 124). For the reasons which follow, the Magistrate Judge's Order of July 14, 2014 (Doc. 119), will be modified in part, and the Order of July 21, 2014 (Doc. 123) will stand. The Defendants' Motion for an Evidentiary Hearing (Doc. 124) will be granted.

## BACKGROUND

Plaintiff, Scott Njos, an inmate confined at the United States Penitentiary-Lewisburg, Lewisburg, Pennsylvania, filed the instant <u>Bivens</u> civil rights action pursuant to 28 U.S.C. §1331 on June 1, 2012. On June 26, 2012, the Magistrate Judge filed a Report and Recommendation (Doc. 15), wherein he screened Plaintiff's Complaint and recommended that Plaintiff's Complaint be dismissed pending completion of fully exhausting the BOP administrative process. In a Memorandum and Order filed October 23, 2012 (Doc. 18), we declined to adopt the Report and Recommendation of the Magistrate Judge. Specifically, we found that in his Objections, Plaintiff asserted that he began the administrative exhaustion process, but that he withdrew his filings after receiving threats of being crippled or of death. We

remanded the matter to the Magistrate Judge in order to allow Defendants the opportunity to raise the affirmative defense of exhaustion, and if appropriate, to allow the parties to create a record surrounding the exhaustion issue. On October 31, 2012, Plaintiff's Motion for Leave to Proceed In Forma Pauperis was granted and a summons was issued as to all Defendants and was provided to the United States Marshal for service on the Defendants (Doc. 20).

Defendants filed a Motion to Dismiss and for Summary Judgment on February 28, 2013 (Doc. 54).[1] Defendants also filed supporting documents (Docs. 59 and 60). On April 29, 2013, Plaintiff filed his Brief in Opposition to Defendants' Motion, as well as supporting documents (Doc. 69).

On August 9, 2013, the Magistrate Judge filed a Report and Recommendation (Doc. 74), wherein he recommended that the Defendants' Motion to Dismiss and for Summary Judgment (Doc. 54) be granted in its entirety with respect to all of Plaintiff's claims. In addressing the issue of exhaustion of administrative remedies, the Magistrate Judge found that Defendants did not meet their burden of proving their affirmative defense of failure to exhaust administrative remedies and determined that the question of exhaustion could not be resolved as a matter of law without discovery. The Magistrate Judge recommended that, regarding the threshold issue of exhaustion, the Plaintiff's constitutional claims should be allowed to proceed. The Magistrate Judge stated that Defendants may be allowed to try and dispute Plaintiff's claim that he could not fully exhaust all of his administrative remedies, because they were unavailable due to the alleged threats, by raising again the affirmative defense of failure to exhaust in a future Motion for Summary Judgment. The Magistrate Judge then proceeded to evaluate the substance of the claims raised by Plaintiff. Plaintiff filed objections to the Report and Recommendation (Doc. 75), Exhibits (Doc. 77), and a Brief in Support of his Objections (Doc. 79). Defendants filed a Brief in Opposition

---

[1] Defendants raised the issue of exhaustion of administrative remedies in the Motion for Summary Judgment.

to Plaintiff's Objections (Doc. 78).

On March 20, 2014, this court issued a Memorandum and Order, adopting in part and declining to adopt in part, the Report and Recommendation of the Magistrate Judge. Specifically, we adopted the part of the Recommendation regarding the dismissal of Defendant Brenneman, Plaintiff's claims against all Defendants in their official capacities, Plaintiff's claims against Defendants Argueta and Prutzman based on verbal threats, and Plaintiff's First Amendment denial of access to the court claim. We also adopted the part of the Recommendation which recommended that we grant Defendants' Motion for Summary Judgment on the Eighth Amendment claims regarding denial of medical care and challenging conditions of confinement. We declined to adopt the part of the Recommendation regarding Defendants Argueta and Prutzman's Motion for Summary Judgment on the excessive use of force claims and we remanded the action to the Magistrate Judge.

On March 24, 2014, the Magistrate Judge issued an order directing Defendants Prutzman and Argueta to file an Answer to Plaintiff's Complaint with respect to the Eighth Amendment excessive force claim arising out of the April 24, 2012 incident (Doc. 83). The Magistrate Judge also addressed the outstanding exhaustion issue regarding discovery and dispositive motions. Because exhaustion of administrative remedies was a threshold issue, the Magistrate Judge stated that no discovery would be permitted with respect to the merits of Plaintiff's Eighth Amendment excessive force claim against Defendants Prutzman and Argueta.[2]

On April 2, 2014, Defendants Prutzman and Argueta filed an Answer to the Complaint on the excessive use of force claims, including Affirmative Defenses (Doc. 87). As the First Affirmative Defense, Defendants Prutzman and Argueta aver that

---

[2] On April 2, 2014, Defendants filed a Motion to Clarify and a Brief in Support thereof (Docs. 85 and 86). On April 23, 2014, the Magistrate Judge granted the Motion to Clarify (Docs. 92 and 93), but did not alter or amend the Order of March 24, 2014. Following a determination on the exhaustion issue, we believe that the parties should be given an opportunity to revisit the matter of discovery with respect of the merits of the remaining claims. See, Pavey v. Conley, 544 F. 3d 739 (7th Cir. 2008).

Plaintiff's excessive force claim was barred by his failure to properly exhaust the administrative remedy process.

On June 11, 2014, Defendants deposed Plaintiff (Doc. 125-1). In the course of the deposition, Plaintiff stated that he had just learned that there were two Correctional Officers named "Prutzman" working at U.S.P. Lewisburg. Plaintiff stated that the Prutzman who assaulted him was not the same Prutzman that made threats to him.

On June 23, 2014, Plaintiff filed a Motion to Amend the Complaint (Doc. 115), asserting that he "discovered names to two more defendants in the excesive (sic) use of force claim, and discovered that there are two different Prutzman Defendants." On July 14, 2013, the Magistrate Judge issued an Order (Doc. 119) deeming Plaintiff's Motion to be withdrawn for failure to file a Brief in Support of the Motion and for failure to submit a proposed Amended Complaint.[3] The Magistrate Judge also found that an amendment would be prejudicial to the Defendants.

On July 9, 2014, Plaintiff filed a Motion for Extension of Time to Complete Discovery (Doc. 118). In the Motion, Plaintiff requested an extension of time to finish discovery concerning the exhaustion issue. Specifically, Plaintiff asserts that he filed a first request for production of documents on June 12, 2014, immediately after he was deposed by Defendants. He alleges that Defendants' counsel received the documents on June 20, 2014, and told Plaintiff that pursuant to Rule 34, she did not have enough time to respond, as she was allowed thirty (30) days. Plaintiff requested an extension of time in order to provide Defendants' counsel the thirty (30) days she required. On July 21, 2014, the Magistrate Judge found Plaintiff's Motion for Extension of Time to Complete Discovery as moot (Doc. 123).

Presently before this court are Plaintiff's Objections (Doc. 121) to the Magistrate Judge's Order regarding his Motion to Amend his Complaint and Plaintiff's

---

[3] In his Motion to Amend the Complaint (Doc. 115), Plaintiff made reference to specific Paragraphs of the Complaint and the changes he proposed.

Objections (Doc. 126) to the Magistrate Judge's Order on the Motion for Extension of Time to Complete Discovery. Also pending is Defendant's Motion for an Evidentiary Hearing (Doc. 124) and Plaintiff's Opposition (Doc. 127).

DISCUSSION

As evidenced by the BACKGROUND Section set forth above, the instant action has had an extensive procedural history. We will address Plaintiff's Objections to the Orders of the Magistrate Judge.

PLAINTIFF'S OBJECTIONS (DOC. 121) TO THE MAGISTRATE JUDGE'S ORDER (DOC. 119) REGARDING THE MOTION TO AMEND THE COMPLAINT

As we indicated earlier, Plaintiff asserted during his deposition that he learned that there were two Corrections Officers named Prutzman. On June 23, 2014, Plaintiff filed a Motion to Amend the Complaint (Doc. 115). In his Motion to Amend, the Plaintiff set forth inserts and amendments to his original Complaint. Plaintiff wished to add two Defendants, in addition to distinguishing between Prutzman #1 and Prutzman #2. In ruling on the Plaintiff's Motion, the Magistrate Judge deemed the Motion to Amend the Complaint withdrawn pursuant to M.D.Pa. Local Rule 7.5, failure to file a support brief and failure to submit a proposed Amended Complaint. In addition, the Magistrate Judge found that the amendment of Plaintiff's Complaint would be prejudicial to Defendants (Doc. 119).

On June 21, 2014, Plaintiff filed Objections to the Magistrate Judge's Order and a Brief in Support of his Motion to Amend (Docs. 121 and 122). In his Objections, Plaintiff argues that the Magistrate Judge is biased and that his amendment would not be prejudicial to Defendants.

We have reviewed the Magistrate Judge's Order and we do not find that it was clearly erroneous or contrary to law. 28 U.S.C. §636. However, Plaintiff asserted at his deposition that he recently became aware of the existence of two Correctional

Officer Prutzmans (Doc. 125-1). The only remaining claim against Defendant Officer Prutzman involves the use of excessive force arising out of the April 24, 2012 incident. The exhaustion of Administrative Remedies issue involves a different Officer Prutzman and incidents occurring on May 9 and 11, 2012. It is this Officer Prutzman who allegedly threatened Plaintiff and was allegedly responsible for Plaintiff's failure to exhaust. It is this Officer Prutzman who is the subject of the evidentiary hearing on exhaustion. We will grant the Plaintiff's request to amend only to permit this clarification.[4] As to the addition of new parties and new claims at this stage of the proceedings, we agree with the Magistrate Judge that it would be prejudicial to the Defendants.

### PLAINTIFF'S OBJECTIONS (DOC. 126) TO THE MAGISTRATE JUDGE'S ORDER (DOC. 123) DENYING THE MOTION FOR EXTENSION OF TIME TO CONDUCT DISCOVERY (DOC. 118)

On July 9, 2014, Plaintiff filed a Motion for Extension of Time to Conduct Discovery (Doc. 118). In his Motion, Plaintiff asserts that he filed a First Request for Production of Documents on June 12, 2014, immediately after he was deposed by Defendants. The Plaintiff states that the requests concern the exhaustion issue. Plaintiff asserts that Defendants' counsel "contacted me with a reciept (sic) date of June 20, 2014, asserting that pursuant to Rule 34 she did not have enough time to respond as she's allowd (sic) 30 days so I make this request in order to give her the 30 days she has made known she requires to produce the documents for inspection and reproduction." Plaintiff requested an extension until July 20, 2014. On July 21, 2014, the Magistrate Judge denied Plaintiff's Motion for Extension of Time to Conduct

---

[4] We note that Plaintiff makes reference to the incidents of May 9 and May 11, 2012, in Paragraphs 30-31, 39, 83 and 93 of his Complaint (Doc. 1). In the Answer to the Complaint (Doc. 87), Defendants responded to these Paragraphs either with a denial or by responding that no response was necessary. Unless Defendants wish to change their response to these specific Paragraphs, no Amended Answer is necessary.

Discovery as moot (Doc. 123). Plaintiff filed Objections to the Magistrate Judges's Order (Doc. 126). In his Objections, Plaintiff asserts that he filed his discovery request on June 12, 2014, after he learned the information that led to his discovery request. Defendants advised Plaintiff that they wouldn't respond because under the discovery rules, they would have 30 days to respond. Plaintiff then filed the Motion for Extension of Time to Conduct Discovery in order to allow Defendants time to respond to his discovery request. In ruling on the Motion, the Magistrate Judge found it to be moot, because the discovery deadline passed on June 24, 2014 and the Plaintiff signed his Motion on June 27, 2014, three days later.

Case law has held that in order for discovery requests to be timely, they should be filed at least 30 days before the discovery cutoff. See, Thomas v. Pacificorp., 324 F.3d 1176 (10 Cir. 2003). Smith v. Principal Casualty Insurance Company, 131 F.R.D. 104 (S.D. Miss. 1990). Moreover, a Motion for Extension of Time to Conduct Discovery should be filed prior to the expiration of the discovery deadline. Thus, the Magistrate Judge's Order was not clearly erroneous or contrary to law, 28 U.S.C. §636.

## DEFENDANT'S MOTION FOR AN EVIDENTIARY HEARING (DOC. 124)

On July 25, 2014, Defendants filed a Motion for an Evidentiary Hearing (Doc. 124) and a Brief in Support thereof (Doc. 125). Plaintiff filed a Brief in Opposition to the Motion (Doc. 127) on August 4, 2014. After reviewing the documents submitted by the parties, we agree that an evidentiary hearing is appropriate on the exhaustion issue. See, Small v. Camden County, 728 F.3d 265 (3d Cir. 2013). We will direct the Magistrate Judge to schedule and conduct an evidentiary hearing at his convenience.