IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT JOSEPH NJOS, | : | CIVIL ACTION NO. **3:CV-12-1038** |
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| S. ARGUETA, et al., | : | |
| Defendants | : | |

FILED
SCRANTON
OCT 21 2014
Per_____
DEPUTY CLERK

## MEMORANDUM AND ORDER

On June 1, 2012, Plaintiff Scott Njos, a federal inmate at the United States Penitentiary Lewisburg ("USP-Lewisburg"), Lewisburg, Pennsylvania, in the Middle District of Pennsylvania, filed, pro se, this Bivens[1] civil rights action, pursuant to 28 U.S.C. § 1331.[2] (Doc. 1).

In his Complaint, Plaintiff Njos claimed, in relevant part, that he was subjected to excessive force during an alleged "shake-down" of his cell conducted at USP-Lewisburg, in the SMU, on April 24, 2012. (Doc. 1, p. 3). Plaintiff Njos contended that, on April 24, 2012, the "shake down crew" came to cell C-116, the cell shared by Plaintiff and inmate Franklin Stokes, at approximately

---

1. Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff's action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).
As Plaintiff correctly recognized, this is a Bivens action since he sought monetary damages from federal officials for alleged violations of his constitutional rights. See Oriakhi v. Wood, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); Conway v. Lindsay, 2009 WL 1956282 (M.D. Pa.). (Doc. 1, p. 2).

2. Since we stated the complete procedural background of this case in our Doc. 74 R&R, we do not fully repeat it herein.

11:00 a.m. (Doc. 1, p. 4). At 12:00 p.m., when prison guards returned Plaintiff and Stokes, to their cell, Plaintiff and inmate Stokes allegedly noticed all of their belongings were missing. (*Id.*). Plaintiff then requested the prison officials present at the time to provide him with a property confiscation slip before giving up his hand restraints, but officials allegedly denied his request. (Doc. 1, p. 3). Plaintiff admits he and his cell-mate Stokes temporarily refused the corrections officer's order to turn around and back out of the cell, but maintains he "passively refused to uncuff (sic), [and] he did not become insolent or aggressive." (Doc. 1, p. 7). Plaintiff then alleges his cell-mate Stokes was assaulted by Officer Defendant Argueta, and that Officer Defendant Prutzman allegedly beat Plaintiff in the head and repeatedly slammed his face against the floor, causing him to suffer serious injuries, including a concussion, unconsciousness and amnesia. (Doc. 6, p. 7). Subsequent to this incident in which Plaintiff was subdued and taken to the ground by officers, Plaintiff alleged he was again confined in his cell and placed in ambulatory restraints for more than twelve hours (*i.e.*, from 12:30 pm on April 24, 2012, to 8:00 am on April 25, 2012).

Also, in his Complaint, Plaintiff alleged that on May 9th, 2012, when he was being escorted back to C-Block after a visit to the medical unit, he encountered Defendants Argueta, S. Prutzman and other unknown officers in the hallway. Plaintiff alleged that the officers started to laugh, and Plaintiff urinated on himself, prompting Defendant S. Prutzman to state that "[T]he tough guy ain't so tough now. I'm friends with everyone here, who do you think they believe, keep up the filing [of BOP administrative remedies] and next time you won't wake up." Additionally, on May 11th, 2012, Defendant S. Prutzman allegedly told Plaintiff, "So your gonna [sic] just keep on filing [BOP administrative remedies]. I was thinking, killing you would be too easy, I think I'll cripple you next

time [you file BOP administrative remedies]. See how well you work without your books." (Doc. 1, ¶'s 30-31, 39, 83 & 93 & pp. 5-6).

On February 28, 2013, Defendants filed a Motion to Dismiss and for Summary Judgment. (Doc. 54).

On August 9, 2013, we issued an R&R and recommended that Defendants' Motion to Dismiss and for Summary Judgment (Doc. 54) be granted in its entirety with respect to all of Plaintiff Njos' claims. We also recommended that the Court close this case. (Doc. 74). Plaintiff filed objections to our R&R. On March 20, 2014, the Court issued a Memorandum and Order and adopted, in part, and rejected, in part, our R&R. (Docs. 80 & 81). The Court stated in its Doc. 80 Memorandum, p. 9, regarding Plaintiff's excessive force claim, "we disagree with the Magistrate Judge that Summary Judgment is warranted." The Court stated that "we find genuine issues of material fact exist as to what occurred in Plaintiff's cell on April 24, 2012." Thus, the Court denied Defendants' Summary Judgment Motion with respect to Plaintiff's excessive force claim against Defendants Argueta and S. Prutzman.

Thus, the Court basically granted Defendants' dispositive motion with respect to all of Plaintiff's claims except for his Eighth Amendment excessive force claim against Defendants Argueta and S. Prutzman arising out of the April 24, 2012 incident.

Additionally, in our Doc. 74 R&R, we found that Defendants did not meet their burden of proving their affirmative defense of failure to exhaust administrative remedies. We stated that the

exhaustion issue should not be resolved, as a matter of law, without further discovery.[3] See *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002). Furthermore, we found that Plaintiff's averment in his Affidavit that he was threatened by Defendant Prutzman regarding his attempt at exhaustion was a disputed question of fact, which had not yet been disproved by the defendants. We therefore recommended, regarding the issue of exhaustion, that if the Plaintiff's constitutional claim(s) should be permitted to proceed, then Defendants' Motion for Summary Judgment on the basis of Plaintiff's failure to exhaust should be denied without prejudice to re-assert this issue after discovery. We clearly indicated that if the Court did not grant Defendants' Summary Judgment Motion with respect to all of Plaintiff's constitutional claims and if any claims remained, discovery on the exhaustion issue was needed.

Upon remand of this case to the undersigned by the Court, it appeared that the two remaining Defendants, Argueta and S. Prutzman, did not yet file their Answer to Plaintiff's Complaint with respect to Plaintiff's remaining Eighth Amendment excessive force claim arising out of the April 24, 2012 incident. Thus, on March 24, 2014, we issued an Order and directed Defendants Argueta and S. Prutzman to file their Answer with respect to Plaintiff's remaining Eighth Amendment excessive force claim. (Doc. 83). We stated that we would then issue a Scheduling Order setting deadlines for discovery and dispositive motions regarding only the exhaustion issue. We stated that no discovery would be permitted with respect to the merits of Plaintiff's Eighth

---

3. We noted in our R&R that the Court may allow Defendants to try and dispute Plaintiff's claim that he could not fully exhaust all of his administrative remedies because they were "unavailable" due to the alleged threats on May 9 and May 11, 2012, by raising again the affirmative defense of failure to exhaust in a future Motion for Summary Judgment after discovery regarding the exhaustion issue.

4

Amendment excessive force claim against Defendants Argueta and S. Prutzman since ample evidence was already submitted regarding this claim.

On April 2, 2014, Defendants Argueta and S. Prutzman timely filed their Answer to Plaintiff's Complaint with respect to Plaintiff's remaining Eighth Amendment excessive force claim along with Affirmative Defenses, including the failure of Plaintiff to have exhausted his BOP administrative remedies. (Doc. 87).

Also, on April 2, 2014, Defendants Argueta and S. Prutzman filed a Motion for Clarification of our March 24, 2014 Order insofar as we indicated that discovery and dispositive motions would **only** be permitted regarding the exhaustion issue and, that no discovery would be permitted with respect to the merits of Plaintiff's Eighth Amendment excessive force claim against Defendants Argueta and Prutzman. (Doc. 85). On April 23, 2014, we issued a Memorandum and Order, and we granted Defendants Argueta and Prutzman's Motion for Clarification of our March 24, 2014 Order. However, we held that we would not alter or amend said Order. (Docs. 92 & 93).

We then issued a Scheduling Order regarding only the exhaustion issue on Plaintiff's excessive force claim and set the discovery deadline as June 24, 2014, and the dispositive motion deadline as July 25, 2014. (Doc. 94).

Discovery then ensued, including the deposition of Plaintiff. Plaintiff moved to depose Defendants S. Argueta and Prutzman and, we issued an Order stating that Plaintiff could depose Defendants but that he must bear the costs of his depositions. (Doc. 110). It does not appear that Plaintiff deposed Defendants. Plaintiff also filed a Motion to extend the discovery deadline on July 9, 2014, and we denied it as moot since the discovery deadline had already passed on June 24,

2014. (Docs. 118 & 123). Plaintiff then filed objections to our Doc. 123 Order with the District Court. (Doc. 126).

On June 23, 2014, Plaintiff filed a Motion to Amend his Complaint. (Doc. 115). Plaintiff stated several amendments (3 pages in all) he sought to make to his original Complaint. In part, Plaintiff stated that after discovery was conducted in his case, he realized that there were two different Prutzman Defendants. As such, Plaintiff, in part, sought to add a second Defendant Officer Prutzman as "Prutzman #2" and to have the original Defendant "S. Prutzman," who was already a Defendant in the case, re-named as "Prutzman #1." Plaintiff indicated that it was Officer "Prutzman #2" who allegedly threatened him on May 9 and May 11, 2012, to stop filing BOP administrative remedies and to coerce him into withdrawing his administrative remedies. Plaintiff did not timely file his required support brief and his proposed Amended Complaint regarding his Doc. 115 Motion.

Subsequently, we deemed Plaintiff's Doc. 115 Motion as withdrawn pursuant to Local Rule 7.5 and 15.1, M.D.Pa., for failure of Plaintiff to file his support brief and for failure of Plaintiff to file his proposed Amended Complaint. (Doc. 119). Plaintiff then filed objections to our Doc. 119 Order with the District Court. (Doc. 121).

After the close of discovery, remaining Defendants S. Prutzman and Argueta filed a Motion for an Evidentiary Hearing with respect to the exhaustion issue on July 25, 2014. (Doc. 124). Defendants simultaneously filed their support brief with an Exhibit (portions of Plaintiff's June 11, 2014 deposition transcript) and unpublished opinions attached. (Docs. 125, 125-1 & 125-2). Plaintiff filed his opposition brief on August 4, 2014, and included his 6-paragraph Declaration.

(Doc. 127). Plaintiff also attached an Exhibit A to his brief, namely, copies of the BOP's Administrative Remedy Generalized Retrieval Sanitized Format dated July 10, 2014, regarding administrative remedies Plaintiff filed.[4]

On October 16, 2014, the Court issued a Memorandum and Order (Docs. 128 & 129), and in pertinent part, granted Plaintiff's Motion to Amend his Complaint (Doc. 115) only to allow clarification that it was the second Officer Prutzman (Officer Prutzman #2) who was involved in the May 9 and May 11, 2012 incidents, and who was allegedly responsible for Plaintiff's failure to exhaust his administrative remedies with respect to his instant claims. (Doc. 128, p. 6). The Court did not grant Plaintiff's Motion to Amend his Complaint in any other respects. In its Doc. 128 Memorandum, p. 6 n. 4, the Court noted that since Defendants already responded to the allegations in Plaintiff's Complaint regarding the May 9 and May 11, 2012 incidents in their Answer to his Complaint (Doc. 87 & Doc. 1, ¶'s 30-31, 39, 83 & 93), these Defendants were not required to Amend their Answer unless they wished to change their responses to those specific paragraphs.

---

4. We note that in his June 2014 deposition, Plaintiff testified that the Officer S. Prutzman who is a Defendant in this case is not the Officer Prutzman who threatened him and told him to stop filing administrative remedies against prison staff. Rather, Plaintiff testified that the Officer Prutzman who threatened him regarding his administrative remedies "with death and being crippled on May 9th and 11th, 2012" was "non-party Prutzman." Plaintiff testified that the non-party Officer Prutzman who threatened him to stop filing administrative remedies was the Officer Prutzman with "all white and gray hair" and, this gray haired Officer was not the Defendant Officer S. Prutzman who allegedly used excessive force on him on April 24, 2012. (Doc. 125-1, p. 5).

Additionally, in his Declaration attached to his Doc. 127 opposition brief to Defendants' Motion for an Evidentiary Hearing, Plaintiff averred that after non-party Officer Prutzman threatened him on two occasions (May 9th and 11th, 2012), "I had no doubt that threats would be followed through and so I withdrew my administrative remedy filing [regarding Plaintiff's excessive force claim against Defendants Argueta and S. Prutzman] out of fear of death or being crippled." (Doc. 127, p. 4).

7

However, as stated above, only remaining Defendants S. Prutzman and Argueta filed an Answer to Plaintiff's Complaint. (Doc. 87). We find that Officer Prutzman #2 should now be added as a Defendant to this case as Plaintiff sought to do in his Motion to Amend his Complaint (Doc. 115).[5] New Defendant Officer Prutzman #2 has not yet been added to the docket as a party, has not been served with Plaintiff's Complaint, and has not responded to Plaintiff's Complaint.

The Court also granted the Motion for an Evidentiary Hearing of Defendants S. Prutzman and Argueta. Also, in its Doc. 128 Memorandum, the Court noted that after the evidentiary hearing was conducted and the exhaustion issue was resolved, that discovery should be permitted with respect to the merits of any remaining claims of Plaintiff. (Doc. 128, p. 3 n. 2).

The Court remanded this case to the undersigned for further proceedings, including conducting the evidentiary hearing on the exhaustion issue. (Doc. 129).

Since new Defendant Officer Prutzman #2 has not yet been added to the docket as a party, has not been served with Plaintiff's Complaint and has not responded to Plaintiff's Complaint, we will direct the Clerk of Court to add this Defendant to the docket and we will direct service of Plaintiff's Complaint on this Defendant. Once Defendant Officer Prutzman #2 has been served and responds to Plaintiff's Complaint, we will schedule the evidentiary hearing on the exhaustion issue as directed by the Court.[6]

---

5. It is well settled that an inmate has a First Amendment right to file a grievance with the prison. See Wisniewski v. Fisher, 2014 WL 4918931, *18 (M.D.Pa. Sept. 29, 2014)("[A] prisoner has a constitutional protected right to file inmate grievances.").

6. We note that at the Evidentiary Hearing, Defendants will have the burden to prove non-exhaustion. Failure to exhaust is an affirmative defense that the Defendants must plead and prove. Jones v. Bock, 549 U.S. 199, 212 (2007). Moreover, the Defendants must demonstrate that the

8

An appropriate Order will be issued.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: October       , 2014

---

prisoner failed to exhaust each of his claims. *Id.* at 220–24. At issue is whether Plaintiff Njos had the BOP administrative remedies available to him regarding his excessive force claim against Defendants Argueta and S. Prutzman and whether Plaintiff was threatened by Defendant Officer Prutzman #2 with "death or being crippled" which caused him to withdraw his administrative remedy. We will also direct the presence of the gray haired Defendant Officer Prutzman #2 at the hearing since this Defendant allegedly threatened Plaintiff on May 9 and 11, 2012, regarding Plaintiff's administrative remedy filings, and allegedly caused Plaintiff to withdraw his administrative remedy complaining about the excessive force incident involving Defendants Officer S. Prutzman and Argueta.