UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

|  |  |  |
|---|---|---|
| SCOTT J. NJOS, | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 3:12-CV-1038 |
| v. | : | (Judge Kosik) |
| S. ARGUETA, et al. | : | |
| Defendants. | : | |

_____

### **MEMORANDUM**

Before the court are Plaintiff's Objections to the Report and Recommendation of Magistrate Judge Joseph F. Saporito, Jr. filed on May 5, 2015 (Doc. 180).  For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge.

BACKGROUND

Plaintiff, Scott Njos, an inmate confined at the United States Penitentiary-Lewisburg, Lewisburg, Pennsylvania, filed the instant civil rights action pursuant to 28 U.S.C. §1331 on June 1, 2012.  This case has had an extensive procedural history. The remaining claims are based on an excessive use of force by Defendants Argueta and Prutzman[1]. There also remains an outstanding issue on the exhaustion of administrative remedies involving the excessive use of force claims.

On July 25, 2014, Defendants filed a Motion for an Evidentiary Hearing and Supporting Brief with regard to the exhaustion issue (Docs. 124 and 125).  An evidentiary hearing on the exhaustion issue was held on May 19, 2015.

On April 24, 2015, Plaintiff filed an "Emergency Motion for Conditional

_____

[1]Defendant Gemberling was added as a Defendant on December 3, 2014.  There is an outstanding Motion to Dismiss filed by Defendant Gemberling challenging Plaintiff's denial of access to court claim (Doc. 144).

Voluntary Dismissal" (Doc. 162) and a Brief in Support thereof (Doc. 163).  A Brief in

Opposition to the Motion was filed by Defendants on April 28, 2015 (Doc. 170).  On

May 5, 2015, the Magistrate Judge filed a Report and Recommendation (Doc. 180),

recommending that Plaintiff's Emergency Motion for Conditional Voluntary Dismissal

be denied.  Plaintiff filed a Reply Brief (Doc. 181) on May 11, 2015.  On May 14,

2015, Plaintiff filed a Letter and Objections to the Report and Recommendation

(Docs. 182 and 183).

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate

Judge, we must make a de novo determination of those portions of the Report to

which objections are made.  28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d

1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject or modify, in whole

or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C.

§636(b)(1); Local Rule 72.3.  Although our review is de novo, we are permitted by

statute to rely upon the Magistrate Judge's proposed recommendations to the extent

we, in the exercise of sound discretion, deem proper.  United States v. Raddatz, 447

U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

From the onset of this action, there has been an issue of whether Plaintiff has

exhausted his administrative remedies prior to filing the instant action.  Specifically,

Defendants have argued that Plaintiff has failed to exhaust his administrative

remedies.  In response, Plaintiff has asserted that he started the administrative

remedies process, but withdrew his administrative filings in response to threats made

by a correctional officer and the resulting fear.  He thus asserted that he exhausted

the administrative remedies that were available to him.  Because there were issues of

fact, including issues of credibility, an evidentiary hearing was scheduled by the

Magistrate Judge.

After the Magistrate Judge scheduled the evidentiary hearing, Plaintiff filed his Emergency Motion for Conditional Voluntary Dismissal.  In his Brief in support of the Motion, Plaintiff asserts that after his fear of the threats subsided, he filed a new Administrative Grievance concerning the 2012 events and that these claims were properly exhausted on September 17, 2013.  Plaintiff proposes the following conditions for voluntary dismissal:

> (1) That the court dismiss without prejudice and instantly refile the complaint on the same day; and
> (2) That the court consider the "degree of permanence" to be when Central Office refused to provide relief (#720162- Sep. 17, 2013) concerning the excessive use of force and threats of death and crippling by Defendants; and
> (3) That Plaintiff be granted equitable tolling during exhaustion of administrative remedies;

In opposition to Plaintiff's Motion, Defendants argue that the evidentiary hearing on the exhaustion issue should proceed.  The evidentiary hearing was held on May 19, 2015.

On May 5, 2015, the Magistrate Judge filed a Report and Recommendation (Doc. 180).  In the Report and Recommendation, the Magistrate Judge discusses Fed. R. Civ. P. 41(a)(2) and finds that the conditions proposed by Plaintiff are inappropriate for a Rule 41(a)(2) dismissal.  The Magistrate Judge also finds that the conditions are proposed only for the benefit of Plaintiff and will not alleviate any prejudice to the Defendants.  The Magistrate Judge then relates the extensive history in this case.  Moreover, the Magistrate Judge points out that Plaintiff claims to have completed exhaustion of his Administrative remedies in September 2013 and that he waited more than eighteen months after completing his administrative remedies before filing his motion.

Following the filing of the Report and Recommendation, Plaintiff filed a Reply Brief (Doc. 181), a Letter to the Magistrate Judge (Doc. 182) and Objections to the Report and Recommendation (Doc. 183).  In his Letter to the Magistrate Judge and in

his Objections, Plaintiff makes reference to the Local Rules of Court and the Magistrate Judge's filing his Report and Recommendation prior to Plaintiff having an opportunity to file a Reply Brief.

Because we will make a de novo review of the matters raised in the Report and Recommendation, we will consider the Plaintiff's Reply Brief.  In the Reply Brief, Plaintiff argues that he has a denial of access to the court claim against Defendant Gemberling because of the alleged threats he made to Plaintiff regarding his administrative filings.  Specifically, Plaintiff asserts that Lewis v. Casey, 518 U.S. 343 (1996) applies to administrative filings and that he has shown an actual injury.  While Plaintiff attempts to analogize the administrative remedy process with the right of access to the court requirements discussed in Casey, we do not agree.

In Lewis v. Casey, supra., the Supreme Court dealt with the right of access to the courts and the requirement of an actual injury as a prerequisite to bringing a denial of access to the court claim.  The PLRA, which mandates that prisoners exhaust internal prison grievance procedures before filing suit, was enacted by Congress in an effort to curb the number of prisoner filings in federal court.  Casey dealt with what the State must provide to inmates in order to ensure that inmates have a reasonable and adequate opportunity to present claimed violations of fundamental Constitutional rights to the courts.

Plaintiff also argues that his case falls into an exception to the general rule that exhaustion of administrative remedies is a question of law to be determined by the judge.  Small v. Camden County, 728 F. 3d 265 (3d Cir. 2013).  Plaintiff asserts that the issue of exhaustion in his case is protected by the Seventh Amendment and should be decided by a jury.  However, as the court stated in Small, 728 F. 3d at 270, a judge may resolve factual disputes relevant to the exhaustion issue without the participation of a jury.  Moreover, a district court may act as the fact finder in resolving the exhaustion issue because exhaustion constitutes a preliminary issue for which no

Seventh Amendment right to a jury trial exists[2].

As we noted above, the Magistrate Judge held an evidentiary hearing on the exhaustion issue on May 19, 2015.  The Magistrate Judge is awaiting transcription of the proceedings and submissions by the parties.

Because we find that the exhaustion issue is properly before the Magistrate Judge for consideration, we will adopt the Report and Recommendation of the Magistrate Judge and we will deny Plaintiff's Emergency Motion for Conditional Voluntary Dismissal (Doc. 162).  An appropriate Order will follow.

---

[2]While Plaintiff argues that the facts on the exhaustion issue are bound up with the merits of the underlying claims, we disagree.  However, even if a possible overlap exists, the exhaustion issue can be decided by a judge first.  See, Pavey v. Conley, 544 F. 3d 739 (7th Cir. 2008).