IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT J. NJOS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | 3:12-cv-01038 |
| v. | : | |
| | : | (Judge Kosik) |
| S. ARGUETA, et al., | : | (Magistrate Judge Saporito) |
| Defendants. | : | |

REPORT AND RECOMMENDATION

I.    Background.

This is a *pro se* prisoner *Bivens*[1] civil rights action.  The plaintiff,

Scott Njos, is an inmate at the United States Penitentiary in Lewisburg,

Pennsylvania (USP Lewisburg). The complete procedural background of

this case was set forth in a report and recommendation by retired

Magistrate Judge Thomas M. Blewitt (Doc. 74).  We incorporate by

reference the procedural background set forth in that report and

recommendation.

The relevant procedural history for purposes of deciding the motion

to dismiss (Doc. 144) is as follows: The plaintiff filed his complaint on June

---

[1]    *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

1, 2012. In addition to other named defendants, the plaintiff named correctional officers Arguenta and Prutzman and alleged an excessive force and denial of access to the courts claims against them. The defendants' motion for summary judgment regarding the plaintiff's excessive force claims was denied. (Doc. 80). Thereafter, the plaintiff amended his complaint and by letter dated December 1, 2014, he claimed that it was defendant Gemberling, a correction's officer, who allegedly threatened him about the plaintiff's administrative filings.

After defendant Gemberling was made a party to this action, the court construed the plaintiff's complaint that he alleged Gemberling verbally threatened the plaintiff on May 9 and 11, 2012, which threats denied him access to the court and violated his First Amendment rights. (Doc. 1 ¶¶30-31, 83-93; Doc. 138).

Gemberling filed the instant motion to dismiss (Doc. 144), on the basis that the plaintiff failed to state a First Amendment denial of access to courts claim in that he does not allege an actual injury as a result of Gemberling's alleged verbal threats. Gemberling maintains the alleged verbal threats set forth in the plaintiff's complaint do not rise to the level

of a constitutional violation. (Doc. 145, at 1). The parties have briefed the issue and the motion is ripe for disposition. For the reasons set forth below, we recommend that the motion be granted and that the plaintiff be granted leave to file an amended complaint.

II.    Rule 12(b)(6) Standard.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

Under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Johnsrud v. Carter*, 620 F.2d 29, 32–33 (3d Cir. 1980); *Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). Although a plaintiff is entitled to notice and an opportunity to respond to a motion to dismiss, he has no obligation to do so—he may opt to stand on the pleadings rather than file an opposition. The Court must nevertheless examine the complaint and determine whether it states a claim as a matter of law. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F2d 168, 174 (3d Cir. 1990). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

III.   Discussion.

The plaintiff has attempted to assert a First Amendment denial of access to courts claim.  This very claim was considered by the court with

respect to defendants Argueta and Prutzman. (Doc. 74, at 51-55; Doc. 80,

at 10-11). In the court's Memorandum (Doc. 80), the court found that the

plaintiff did not show an actual injury or that actions of defendants

hindered his efforts to pursue a non-frivolous claim. The court's analysis

is set out as follows:

> Finally, the Magistrate Judge addresses plaintiff's claims regarding a First Amendment denial of access to the court claim. Specifically, the Magistrate Judge finds that plaintiff has failed to set forth an actual injury. He therefore recommends that plaintiff's First Amendment denial of access to the court claim be dismissed. In his objections, plaintiff argues that he states a claim for denial of access to the courts because Certificate of Service was not filed with motions for injunctive relief.
>
> A prisoner asserting a denial of access to courts claim must satisfy the constitutional standing requirement by alleging an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). To meet this requirement, a plaintiff must show that the actions of the prison officials hindered the prisoner's efforts to pursue a nonfrivolous claim. *See Monroe v. Beard,* 536 F.3d 198, 205 (3d Cir. 2008); Christopher v. Harbury, 536 U.S. 403, 415 (2002).
>
> A review of the record shows that plaintiff's requests for injunctive relief involved a request for outside medical exams and request for a single

cell, as well as an objection to the Justice Department representing defendants and for a polygraph test. Plaintiff has not shown an actual injury or that any actions of defendants hindered his efforts to pursue a nonfrivolous claim. Moreover, as the Magistrate Judge points out, plaintiff's voluminous filings in this court belie any claims that plaintiff has been denied access to this court.

(Doc. 80, at 10-11).

We find this analysis to be equally applicable at this juncture as well.

IV.   <u>RECOMMENDATION</u>:

Based upon the foregoing, we recommend that the motion to dismiss (Doc. 144) filed by the defendant Gemberling be GRANTED and that the plaintiff be granted leave to amend the complaint.

<u>**s/ Joseph F. Saporito, Jr.**</u>
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: August 31, 2015**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT J. NJOS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | 3:12-cv-01038 |
| v. | : | |
| | : | (Judge Kosik) |
| S. ARGUETA, et al., | : | (Magistrate Judge Saporito) |
| Defendants. | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the

foregoing Report and Recommendation dated August 31, 2015**.**

Any party may obtain a review of the Report and Recommendation pursuant

to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own

determination on the basis of that record.  The judge may also receive further evidence recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and

Recommendation may constitute a waiver of any appellate rights.

*s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated:   August 31, 2015**